STATE OF NORTH CAROLINA v. OTIS LEE WHITAKER AND JAMES ALTON WILLIAMS

No. 792SC373

(Filed 6 November 1979)

**1. Criminal Law § 15.1— motion for change of venue—community ill will**

    The trial court did not err in the denial of defendant's motion for a change of venue of his involuntary manslaughter trial where defendant presented nothing more than an allegation of general ill will in the community against him because of the incident in question.

State v. Whitaker

2. **Criminal Law § 92.1— involuntary manslaughter —refusal to sever trials of automobile driver and owner**

The trial court in an involuntary manslaughter prosecution did not err in refusing to sever defendant automobile owner's trial from that of the codefendant driver on the ground that he would be prevented from using the driver's testimony at a joint trial because additional evidence admissible against the driver in such a joint trial would cause a feeling of ill will toward the driver, since the State would have the right to draw out the same facts on cross-examination in a separate trial that defendant contends would prejudice him in a joint trial.

3. **Automobiles § 110— death by motor vehicle —intoxicated driver —responsibility of owner**

When a death results from the operation of a motor vehicle by an intoxicated person not the owner of that vehicle, the owner who is present in the vehicle and who knowingly permits the intoxicated driver to operate the vehicle is as guilty as the intoxicated driver.

4. **Automobiles § 113.1— involuntary manslaughter —intoxicated driver —owner's guilt as aider and abettor**

The trial court properly submitted an issue of defendant automobile owner's guilt of involuntary manslaughter as an aider and abettor where the evidence tended to show that defendant's automobile, while driven by the codefendant, struck a patrol car which was sitting on the shoulder of the road and then struck and killed two young men who were standing beside the patrol car; defendant had stopped the automobile in order to allow the codefendant to drive and was riding in the back seat at the time of the accident; defendant knew the codefendant had had at least two drinks of vodka and one beer; and a test administered to the codefendant driver more than an hour after the accident showed him to have a blood alcohol content of .17.

APPEAL by defendants from *Fountain, Judge.* Judgment entered 18 January 1979 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 24 August 1979.

Defendants Whitaker and Williams were each indicted and subsequently convicted by a jury for two counts of manslaughter in the deaths of two adolescents which resulted from the operation of a motor vehicle owned by defendant Williams and driven by defendant Whitaker. Prior to trial defendant Williams presented motions for severance and change of venue. The trial court denied these motions and granted the State's motion for a joint trial.

The State presented evidence tending to show that at about 3:00 a.m. on 8 July 1978 Trooper T. G. Miller of the North Carolina State Highway Patrol stopped two young males on

bicycles to talk to them about not having lights on their bicycles and to inquire as to why they were out riding around at that time of the morning with a watermelon. The patrol car was two to three feet off the road on the north shoulder of rural paved road 1300, an east-west road. The front of the patrol car was facing east and its headlights and four-way flashers were on. The two young men were standing on the left, or north side, of the patrol car, between the patrol car and the woods. While so positioned the patrol car was struck by defendant's vehicle. Defendant's vehicle thereafter passed between the patrol car and the woods and struck and killed both of the young men.

The State's evidence also tends to show that some odor of intoxicant was detected on the breath of defendant Whitaker and that defendant Whitaker was taken to the Beaufort County Sheriff's Office where certain sobriety tests and a breathalyzer test were administered to him. The results of the sobriety tests indicated that Whitaker was unsteady on his feet, that Whitaker could not touch his nose with either his left or his right hand, and that Whitaker could not walk in a steady position in a heel-to-toe manner. In addition, Whitaker blew a .17 on the brethalyzer test. Furthermore, Officer Swindell testified that he was of the opinion that Whitaker was, to an appreciable degree, under the influence of some alcoholic beverage.

In addition, the State's evidence tended to show that defendant Williams was the owner of the vehicle operated by defendant Whitaker and that neither of the defendants possessed a valid driving permit as of the date of the accident.

Evidence for the defendants tended to show, *inter alia*, that Whitaker operated Williams' vehicle with Williams' knowledge and consent; that defendant Williams was seated in the back seat of the vehicle at the time of the accident; that the patrol car was situated in the middle of the highway without any lights on; that defendants were not able to see the patrol car or the two boys at the time of the collision; that Williams had consumed more alcohol than Whitaker; that Williams did not observe Whitaker to be driving in an unusual or abnormal manner; that Williams did not observe Whitaker to be intoxicated in any respect; that Williams knew that Whitaker did not have a driver's license; and that Williams had on previous occasions allowed Whitaker to drive Williams' car without an operator's permit.

---

---

*Attorney General Edmisten by Assistant Attorney General Thomas J. Ziko for the State.*

*Carter & Ross by W. B. Carter and L. H. Ross for defendant appellant Otis Lee Whitaker.*

*Franklin B. Johnston for defendant appellant James Alton Williams.*

CLARK, Judge.

There are fifty-seven assignments of error in the record. Defendant Whitaker argues that there are numerous small prejudicial errors that together call for a new trial. These objections include the lack of a proper identification of exhibits, conclusory statements by witnesses and leading questions. We have carefully reviewed each of the contentions of defendant Whitaker and find them to be without prejudicial effect, and we therefore decline to grant a new trial. *State v. Stanfield*, 292 N.C. 357, 233 S.E. 2d 574 (1977); *State v. Cottingham*, 30 N.C. App. 67, 226 S.E. 2d 387 (1976). For the same reasons we find no merit in the contentions of defendant Whitaker that the trial judge should have dismissed the case either after the close of the State's evidence or after the close of all the evidence, and that the trial judge should have set aside the verdict of the jury.

[1] Defendant Williams presents five arguments. First, Williams contends that the trial judge committed reversible error by denying defendant Williams' motion for a change of venue. Defendant argues that the accounts of the accident and pictures of the accident scene were aired by local radio and television stations and were printed for several days in the local newspaper and that the deaths of the two victims touched off a deep resentment and even outright hatred against the two black defendants. However, no press clippings were presented, there was no showing that the jurors had seen or were affected by the publicity, and there was no showing that defendants' peremptory challenges were exhausted. The standard for review for a ruling on a motion for a change of venue is whether the trial judge abused his discretion, N.C. Gen. Stat. § 15A-957, 958 (1978); *State v. Boykin*, 291 N.C. 264, 229 S.E. 2d 914 (1976); *State v. Harrill*, 289 N.C. 186, 221 S.E. 2d 325, *death sentence vacated*, 428 U.S. 904, 96 S.Ct. 3212, 49 L.Ed. 2d 1211 (1976), and where defendant presents nothing more

than an allegation of general ill will in the community, there is no evidence which would support a reversal for abuse of discretion. *State v. Thompson*, 287 N.C. 303, 214 S.E. 2d 742 (1975), *death sentence vacated*, 428 U.S. 908, 96 S.Ct. 3215, 49 L.Ed. 2d 1213 (1976).

[2] Defendant Williams next contends that the trial court committed reversible error by denying Williams' motion for severance of the trial of Whitaker and Williams. Here Williams argues that his defense was predicated upon the testimony of Otis Whitaker and that because other evidence against Whitaker would be admitted in a joint trial than would be admitted in a solo trial of Williams, Williams was thereby denied any right to use Whitaker as a witness and to have his case heard without the overwhelming prejudicial feeling of hatred aired at Otis Whitaker. We do not agree with this contention. The rule in North Carolina is clear that whether defendants should be tried separately is to be resolved in the sound discretion of the trial court and absent a showing of substantial prejudice to the defendants amounting to the denial of a fair trial, the exercise of discretion by the trial court will not be disturbed upon appeal. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976); *State v. Alford*, 289 N.C. 372, 222 S.E. 2d 222, *death sentence vacated*, 429 U.S. 809, 97 S.Ct. 45, 50 L.Ed. 2d 69 (1976). Defendant presents no explanation as to how a separate trial would have prevented the alleged prejudice, particularly when the State would have had the right on cross examination to draw out the same facts defendant contends would prejudice the jury against his defense. We therefore uphold the ruling of the trial court in denying defendant Williams' motion for severance.

Defendant Williams next contends that the repeated use of leading questions by the State and the conclusory testimony of the State's witnesses were prejudicial when viewed as a whole. As with the above contentions of defendant Whitaker, we have carefully reviewed each of these challenges and find no prejudice.

[3] Finally, defendant Williams contends that the trial judge committed reversible error by denying the defendant's motion for a directed verdict of not guilty at the end of the State's evidence and upon renewal of the motion at the end of all of the evidence. Defendant argues that there was insufficient evidence to support the instructions by the trial judge as to the element of aiding and

abetting and, in particular, that there was no evidence to support the charge of the trial judge that Williams must have known that Whitaker was in no condition to drive or that Williams was so intoxicated that he did not use the degree of care necessary to determine Whitaker's condition. We disagree. As a general principle, "[w]hen an owner places his motor vehicle in the hands of an intoxicated driver, sits by his side, and permits him, without protest, to operate the vehicle on a public highway, while in a state of intoxication, he is as guilty as the man at the wheel." *State v. Gibbs*, 227 N.C. 677, 678, 44 S.E. 2d 201, 202 (1947). *See also State v. Nall*, 239 N.C. 60, 79 S.E. 2d 354 (1953), (aiders and abettors guilty as principals). Following these principles, we hold that when a death results from the operation of a motor vehicle by an intoxicated person not the owner of that vehicle, the owner who is present in the vehicle and who with his knowledge and consent permits the intoxicated driver to operate the vehicle, is as guilty as the intoxicated driver. *Story v. United States*, 16 F. 2d 342 (1926), *cert. denied*, 274 U.S. 739, 47 S.Ct. 576, 71 L.Ed. 1318 (1927), (a motor vehicle manslaughter case cited in *Gibbs, supra*). *See also* Annot. 47 A.L.R. 2d 568, 586-88 (1956); Annot. 99 A.L.R. 756, 771 (1935).

[4] In the instant case defendant Williams' own testimony revealed that he stopped the car in order to allow the defendant Whitaker to drive. Defendant Williams knew that defendant Whitaker had had at least two drinks of vodka and one beer. While defendant Williams did not perceive Whitaker to be intoxicated, the test administered by the State more than an hour after the accident showed that Whitaker was under the influence of alcohol to an appreciable degree. Consequently, we hold that the trial judge was correct in his instructions on aiding and abetting the involuntary manslaughter and that the court appropriately sent the case to the jury.

Affirmed.

Judges ERWIN and WELLS concur.