WARREN G. RHYNE, ADMINISTRATOR OF THE ESTATE OF LINDA KAREN RHYNE v. PATRICK SHELLEY O'BRIEN AND FRED S. O'BRIEN

No. 8021SC1212

(Filed 17 November 1981)

1. **Appeal and Error § 49.2— exclusion of evidence—other evidence of same import**

Any error in the court's exclusion of an expert witness's response to a hypothetical question regarding the probable effect of alcohol on defendant's ability to drive was harmless where the expert earlier had given extensive testimony in response to hypothetical questions regarding the effect of alcohol on defendant's nighttime vision, judgment, coordination, attention span, and reaction time.

**2. Automobiles § 50.2— impairment of driving ability by intoxicants—sufficient evidence**

The trial court in a wrongful death action erred in instructing the jury that there was insufficient evidence to indicate that drinking visibly or appreciably impaired defendant's driving ability at the time of the accident where there was evidence that defendant driver had consumed three or four 12-ounce beers prior to the accident and that the percentage of alcohol in defendant's blood two hours after the accident was .06 by weight; the investigating officer testified that he smelled an odor of alcohol on defendant after the accident, that defendant's eyes were dilated, and that defendant fell to the ground when he got out of the officer's car; and plaintiff's expert gave opinion testimony in response to hypothetical questions as to the probable effect that a blood alcohol content of .06 would have on defendant's nighttime vision, judgment, coordination, attention span, and reaction time.

APPEAL by plaintiff from *DeRamus, Judge.* Judgment entered 12 September 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 29 May 1981.

Plaintiff's intestate was killed in a single car collision which occurred at approximately 1:15 a.m. on 7 January 1979. The car, a small Triumph, was driven by defendant Patrick O'Brien [hereinafter defendant].

The evidence shows that defendant was having a party at his apartment on the evening of 6 January 1979. Defendant bought two six packs of beer for his guests and drank a portion of the beer himself. Plaintiff's intestate brought rum to the party and was seen drinking the rum during the evening. Two hours after the accident, the percentage of alcohol in defendant's blood was .06 by weight. The percentage in the deceased's blood was .25.

After midnight, defendant left his apartment to drive Linda Rhyne home. Defendant testified that he began to drive down a slight hill. Defendant downshifted, put his foot on the brake, and glanced down to check his speed. When he looked up, defendant saw a large dog in front of the car and swerved to the right to avoid it. The car went into a ditch and overturned. Linda Rhyne died at the scene.

Plaintiff brought this action seeking to recover two million dollars in compensatory damages and two million dollars in punitive damages. The jury found that Linda's death was not caused by negligence on the part of defendant. From the judgment, plaintiff appealed.

*Finger, Park & Parker, by Daniel J. Park, M. Neil Finger and Raymond A. Parker, II, for plaintiff-appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by J. Robert Elster & Grover G. Wilson, for defendant-appellees.*

HILL, Judge.

[1] By his first assignment of error, plaintiff contends the trial judge erred in striking an expert witness's response to a hypothetical question regarding the probable effect of alcohol on the defendant's ability to drive. While it may have been error for the court to exclude the expert's opinion, the error was harmless. Plaintiff's expert earlier had given extensive testimony in response to hypothetical questions regarding the effect of alcohol on defendant's nighttime vision, judgment, coordination, attention span, and reaction time. The exclusion of testimony cannot be held prejudicial when the same witness has just testified to facts with substantially the same meaning. *Terrell v. Insurance Co.,* 269 N.C. 259, 152 S.E. 2d 196 (1967). The same rationale applies to opinion testimony. Plaintiff's first assignment of error is overruled.

[2] In his second assignment of error, plaintiff argues that the trial judge erred in his instruction to the jury, and ruling as a matter of law, that there was insufficient evidence to indicate that defendant had consumed sufficient intoxicants to visibly or appreciably impair his driving ability, or that he was driving under the influence at the time of the collision. The portion of the judge's charge to which objection is made is as follows:

Both the plaintiff and the defendants have introduced evidence which tends to show that the defendant, Patrick O'Brien, had consumed alcoholic beverages prior to the collision. [There is no sufficient evidence to indicate that drinking visibly or appreciably impaired Patrick O'Brien's driving ability at any time prior to reaching the general area of the collision.]

\* \* \*

[The evidence is legally insufficient for you to find that he was driving under the influence.]

\* \* \*

[The plaintiff has introduced evidence which tends to show that Patrick O'Brien's driving ability was somewhat impaired in various ways, and that he had a blood alcohol content of .06 percent by weight at approximately 3:15 a.m. on January 7, 1979. On the other hand, the defendant has introduced evidence which tends to show that Patrick Shelley O'Brien was sober, and that he had manifested no effect from three or four 12-ounce beers consumed by him in the evening hours prior to approximately 10:30 P.M. on January 6, 1979. You may consider evidence relative to Patrick O'Brien's drinking and the effect, if any, on his driving as a part of all the circumstances existing on the occasion in question in deciding what a reasonably careful and prudent person would or would not have done.]

The record reveals defendant had a party at his apartment during the early part of the evening on which the accident occurred. Defendant had consumed three or four 12-ounce beers between 5:30 p.m. and 10:30 p.m. The accident occurred at 1:15 a.m. Trooper Smith arrived at the scene some 20 minutes thereafter. Smith testified that when he and defendant started from one patrol car to the other, he smelled alcohol on defendant; he knew by his appearance defendant had been drinking before he smelled anything on him. Defendant's pupils were dilated, and he fell to the ground when he got out of the trooper's car. Trooper Smith further testified that "I told him [defendant] that in my opinion . . . he was not under the influence of an alcoholic beverage *per se* by law statute but it was also my opinion that he was close." Defendant consented to a blood test for alcohol which was administered at 3:15 a.m., some two hours after the accident. The test showed an alcohol content of .06.

Dr. Evan Ashby observed defendant at the hospital after the accident and was of the opinion that defendant was not under the influence. Bayne McConnell, who was at the apartment, testified defendant exhibited no visible signs of alcohol effect. Defendant denied any effects of alcohol at the time he left his apartment to go to the Linda Rhyne home.

Plaintiff contends that defendant was guilty of culpable conduct in that he operated his vehicle upon a public highway recklessly after consuming intoxicating liquor that directly af-

fected his driving. Plaintiff thereby alleges a violation of G.S. 20-140(c), which is as follows:

> Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended.

A violation of this section gives rise to both civil and criminal liability. *Ingle v. Roy Stone Transfer Corp.*, 271 N.C. 276, 156 S.E. 2d 265 (1967). A motorist is guilty of negligence if he operates a motor vehicle on a highway while under the influence of intoxicating liquor. Such conduct, however, will not constitute actionable negligence unless it is causally connected to the accident. *Atkins v. Moye*, 277 N.C. 179, 176 S.E. 2d 789 (1970). A person is under the influence of intoxicating liquor when he has drunk "a sufficient quantity of intoxicating liquor 'to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties.'" *State v. Hairr*, 244 N.C. 506, 510-11, 94 S.E. 2d 472, 475 (1956). *See* 2 Strong's N.C. Index, Automobiles § 120, p. 398.

A mere finding by the jury that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal relation between his condition and the collision. His condition must have caused him to violate a rule of the road and to operate his vehicle in a manner which was a proximate cause of the collision. *State v. Lowery*, 223 N.C. 598, 27 S.E. 2d 638 (1943). *See Atkins v. Moye, supra.*

In view of the testimony which plaintiff's expert had given earlier in response to hypothetical questions regarding the effect of alcohol on defendant's nighttime vision, judgment, coordination, attention span, and reaction time, the jury could have found that defendant had consumed such quantity of intoxicating liquor as directly affected his operation of the vehicle and was a proximate cause of the accident.

The charge by the trial judge that "[t]here is no sufficient evidence to indicate that drinking visibly or appreciably impaired

Patrick O'Brien's driving ability at any time prior to reaching the general area of the collision" was error and in conflict with the remainder of the charge. Plaintiff must have a new trial.

We have carefully considered plaintiff's remaining assignments of error and defendant's cross-assignment of error and find them to be without merit.

New trial.

Judges MARTIN (Robert M.) and ARNOLD concur.