STATE OF NORTH CAROLINA v. CHARLES ADNELL JOHNSON

No. 8416SC429

(Filed 5 February 1985)

1. **Automobiles §§ 110, 113.1— driving while intoxicated—culpable negligence—sufficiency of evidence of manslaughter**

   The violation of a statute prohibiting driving while intoxicated is culpable negligence; therefore, the trial court did not err in failing to dismiss the charge of manslaughter against defendant where the jury could conclude that defendant operated his vehicle in a culpably negligent manner and that this negligence was the proximate cause of the death of his passenger.

2. **Automobiles § 112.2— speed of vehicle—evidence inadmissible—error not prejudicial**

   Though the trial court erred in permitting an officer to give opinion testimony as to the speed of defendant's vehicle prior to an accident because the officer did not observe the accident but based his opinion on physical evidence at the scene, defendant was not prejudiced in light of curative instructions given by the trial court and in light of the fact that it was not necessary to prove speed at the time of the accident in order to convict defendant of manslaughter.

3. **Automobiles §§ 115, 130— driving with blood alcohol level over .10%—involuntary manslaughter—conviction of both crimes improper**

   It was error for the trial court not to arrest judgment on the verdict of guilty of driving with a blood alcohol level in excess of .10%, since driving with this level of alcohol was an element of involuntary manslaughter, and defendant could not be convicted of both crimes.

APPEAL by defendant from *Lane, Judge.* Judgment entered 4 November 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals on 16 January 1985.

State v. Johnson

The defendant was tried for careless and reckless driving, a violation of G.S. 20-140, driving under the influence of an alcoholic beverage, a violation of G.S. 20-138, and involuntary manslaughter, a crime punishable under G.S. 14-18.

The State's evidence at trial tended to show the following. On the morning of 13 March 1983, the defendant was driving an automobile east on State Road 2202 near Lumberton. Neil Archie Locklear was a passenger in the car. The road was wet and held some large puddles. The speed limit was 55 miles per hour. The defendant's car crossed the westbound lane and left the road from the inside of a sharp curve which angled to the north. The car struck a tree before it came to a stop twenty-six feet from the road.

Highway Patrolman R. V. Moore investigated the accident and found skid marks 128 feet long. These marks began in the eastbound lane, crossed the westbound lane, and went to the edge of the pavement on the inside of the curve.

Patrolman Moore talked with the defendant shortly after the accident. He noticed that the defendant's speech was slurred and that he was unsteady on his feet. The defendant's breath smelled of alcohol and his eyes were red and glassy. The defendant told Patrolman Moore that he had had four beers before the accident. A breathalyzer test showed the defendant's blood alcohol content was .18%.

The Lumberton Rescue Squad removed Neil Archie Locklear from the wreck and found he had no pulse, he was not breathing, and his eyes were dilated. Neil Archie Locklear was pronounced dead upon arrival at Southeastern General Hospital.

The defendant was convicted of involuntary manslaughter and driving with a blood alcohol level in excess of .10%. The defendant was sentenced to three years imprisonment for the manslaughter and one year for the .10% violation. He appealed.

*Attorney General Rufus Edmisten by Assistant Attorney General Evelyn M. Coman for the State.*

*Regan and Regan, by Cabell J. Regan for defendant appellant.*

WEBB, Judge.

**[1]** The defendant first assigns error to the failure to dismiss the charge of manslaughter at the close of all the evidence. He argues, relying on *State v. Markham*, 5 N.C. App. 391, 168 S.E. 2d 449 (1969), that there was not sufficient evidence of manslaughter to be considered by the jury. In *Markham* there was evidence the defendant was intoxicated at the time of a fatal accident but little evidence as to the manner in which he was driving. This Court held it was error not to allow the defendant's motion to dismiss made at the close of the evidence. In *State v. McKenzie*, 292 N.C. 170, 232 S.E. 2d 424 (1977), there was evidence that the defendant was operating an automobile under the influence of alcohol at the time of a fatal accident. He struck from the rear the deceased who was riding a bicycle. The bicycle had a reflector and the night was clear. There were 66 feet of tire marks at the scene of the accident. We believe the holding of *McKenzie* is that a jury may find from evidence of intoxication by an automobile driver at the time of a fatal accident that the driver is criminally negligent which negligence is a proximate cause of the death. We believe *McKenzie* overrules *Markham* to the extent *Markham* holds otherwise.

In *State v. Cope*, 204 N.C. 28, 167 S.E. 456 (1933), our Supreme Court ordered a new trial because the Superior Court applied the test of civil liability rather than criminal liability in a vehicular death case. In discussing criminal liability in automobile death cases it said "culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others." It said that an unintentional violation of a safety statute is not culpable negligence but an intentional, wilful or wanton violation of such a statute is culpable negligence. We believe that consistent with *Cope* and *McKenzie* the violation of a statute prohibiting driving while intoxicated is culpable negligence. We take judicial notice of the large percentage of fatal accidents in which those under the influence of alcohol are involved. We hold that driving under the influence of alcohol constitutes a "thoughtless disregard of consequences or a heedless indifference to the safety and rights of others." This is culpable negligence. The jury in this case could conclude that the defendant operated the vehicle in a culpably

State v. Johnson

negligent manner and that this negligence was the proximate cause of the death of Neil Archie Locklear.

[2] The defendant next assigns error to the admission of opinion testimony by the highway patrolman who investigated the accident as to the speed of the vehicle the defendant was driving. The trooper did not observe the accident but based his opinion on physical evidence at the scene. The testimony was admitted over the objection of the defendant and at the opening of court the next morning the jury was told not to consider it. It was error to admit this testimony. *See* Brandis on N.C. Evidence, 2d Rev. Ed. § 131, p. 509. The question is whether it was prejudicial error. See G.S. 15A-1443. We have held that it was not necessary to prove speed at the time of the accident in order to convict the defendant. In light of this and the curative instructions given by the Court we cannot hold there would have been a different result had the error not been committed. See *State v. Haynes*, 54 N.C. App. 186, 282 S.E. 2d 830 (1981).

[3] As to the verdict of guilty to driving with a blood alcohol level in excess of .10% it was error not to arrest judgment on this charge. Driving with this level of alcohol was an element of involuntary manslaughter and the defendant could not be convicted of both crimes. See *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980).

No error as to involuntary manslaughter.

Judgment arrested as to driving with blood alcohol content in excess of .10%.

Judges EAGLES and COZORT concur.