STATE OF NORTH CAROLINA v. KIM RILEY McGILL

No. 8416SC441

(Filed 5 March 1985)

**1. Automobiles and Other Vehicles § 113— involuntary manslaughter—intoxicated driver—necessity for violation of rule of the road**

Evidence of driving while impaired, standing alone, will not support a conviction of involuntary manslaughter. Rather, the State must also show that the impaired driver violated some rule of the road and that this violation was a proximate cause of the accident.

**2. Automobiles and Other Vehicles § 113.1— involuntary manslaughter—sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of involuntary manslaughter where it tended to show that defendant's car struck the victims' car from the left rear with enough force to flip the victims' car and throw it into a ditch; the road was straight and clear where the accident occurred; the victims' car was traveling along with its lights on; the two victims died as a result of the accident; and defendant had an odor of alcohol about him after the accident and registered .19 on a breathalyzer test two hours later.

3. **Automobiles and Other Vehicles § 114— involuntary manslaughter—intoxicated driver—necessity for violation of rule of the road—failure to instruct**

　　The trial court in an involuntary manslaughter prosecution erred in refusing to instruct the jury that, in addition to proof of driving under the influence as a proximate cause of decedent's death, the State must also prove that defendant's violation of some rule of the road was a proximate cause of the death.

4. **Criminal Law § 163— request for instructions—appellate review—absence of objection to instructions**

　　Defendant's assignment of error to the trial court's instructions was properly before the appellate court where the trial court denied defendant's timely written request for instructions although defendant failed to object to the instructions as given. G.S. 1A-1, Rule 46(b); App. Rule 10(b)(2).

5. **Automobiles and Other Vehicles § 110— driving while license revoked—transporting open liquor—insufficient to convict of involuntary manslaughter**

　　Defendant's convictions of driving while his license was revoked and transporting liquor with the seal broken did not support his manslaughter convictions.

　　Judge EAGLES dissenting.

APPEAL by defendant from *Lane, Judge.* Judgment entered 4 November 1983 in ROBESON County Superior Court. Heard in the Court of Appeals 17 January 1985.

Defendant was tried on criminal charges arising out of a nighttime two-car accident. The state's evidence showed that a police officer arrived at the scene of the accident and found defendant and a passenger standing in the road next to defendant's car. The other car lay overturned and on fire in the ditch; its two occupants died as a result of the accident. The officer noticed a strong odor of alcohol about defendant, who appeared shaky on his feet. In the officer's opinion, defendant was under the influence of alcohol; approximately two hours later he registered 0.19 on a breathalyzer test. After being informed of his rights, defendant stated that he came around a curve and did not see any lights ahead, then suddenly he saw the other car stopped in the middle of the road with the lights out. The officer found a bottle of whiskey, with the seal broken, in defendant's car.

Accident scene investigation indicated that the road ran straight for 450 feet from the end of the curve to the point of impact, and that defendant's car, traveling at about 55 m.p.h. when he applied his brakes, skidded 48 feet before the collision. Inspec-

tion of the victims' car showed that the light switch and the ignition were both in the "on" position and that the transmission was in "drive." The state also introduced defendant's driving record, which showed that his license had been permanently revoked upon a record of, *inter alia*, five convictions of driving under the influence ("DUI").

Defendant testified that he came around a sharp curve and saw the other car parked in the road. He slammed on the brakes and attempted to swerve but struck the other car, flipping it into the ditch. He and his passenger tried to get the people out of the other car, but it exploded and burned and they could not get near. Defendant did not believe the liquor he had consumed had caused the accident.

The jury found defendant guilty of driving while license permanently revoked, driving under the influence of alcoholic beverages, transporting liquor with the seal broken, and two counts of involuntary manslaughter. Defendant received sentences totalling ten years; he appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Robert D. Jacobson for defendant.*

WELLS, Judge.

Defendant first assigns error to the denial of various motions challenging the sufficiency of the evidence. He directs his attack to the issue of causation. We note first that the state produced ample evidence to support the jury's verdict on the DUI charge. *State v. Scott,* 71 N.C. App. 570, 322 S.E. 2d 613 (1984). Defendant's challenge to the driving while license permanently revoked charge is frivolous, and he does not contest the transporting conviction. The real challenge is to the manslaughter convictions.

Once the state proved the DUI offense, it then bore the burden of establishing that the violation proximately caused the deaths:

> [T]he act of the accused need not be the immediate cause of death. He is legally accountable if the direct cause is the natural result of the criminal act. [Citations omitted.] There

may be more than one proximate cause and criminal respon-
sibility arises when the act complained of caused or directly
contributed to the death. [Citations omitted.]

*State v. Mitchell,* 62 N.C. App. 21, 302 S.E. 2d 265 (1983) (quoting
*State v. Cummings,* 301 N.C. 374, 271 S.E. 2d 277 (1980)). In
*Mitchell,* we rejected the defendant's contention that intervening
negligence on the part of the treating physician absolved him of
criminal liability: when the injury inflicted by accused is *a con-
tributing cause* of death, the accused must bear criminal respon-
sibility unless it can be shown that intervening acts of others
were the sole cause of death. *Id.* Accordingly, the state need not,
as defendant appears to contend, exclude every other possible
cause of death. Language in *State v. Stewardson,* 32 N.C. App.
344, 232 S.E. 2d 308, *disc. rev. denied,* 292 N.C. 643, 235 S.E. 2d 64
(1977), to the effect that the violation "must" have caused the ac-
cident and death, when read in context, simply is a paraphrase of
the general rule: the state must produce sufficient evidence to
allow the jury to find that defendant's acts were a proximate
cause of death.

[1] More problematic is defendant's contention that the state
failed to show sufficient causal connection between his intoxica-
tion and the accident. While it is undoubtedly negligent to drive
while under the influence, that negligence must be causally con-
nected to the accident by evidence of violation of some rule of the
road or other faulty driving, to establish liability. *Atkins v. Moye,*
277 N.C. 179, 176 S.E. 2d 789 (1970); *Rhyne v. O'Brien,* 54 N.C.
App. 621, 284 S.E. 2d 122 (1981); *State v. Hewitt,* 263 N.C. 759,
140 S.E. 2d 241 (1965); *State v. Lowery,* 223 N.C. 598, 27 S.E. 2d
638 (1943).[1] An intoxicated driver driving at normal speed on his
side of the road obviously would not ordinarily be deemed negli-
gent for involvement in a collision with an approaching car that
suddenly swerved over the center line into his or her path.
*Atkins v. Moye, supra. Evidence of driving while intoxicated,*

---

1. While it is unusual to rely on civil cases to support principles of criminal
law, in this limited area the civil standard of negligence law clearly is relevant.
Generally, a stronger showing is required to prove culpable criminal negligence
than a civil tort. *State v. Everhart,* 291 N.C. 700, 231 S.E. 2d 604 (1977); *State v.
Cope,* 204 N.C. 28, 167 S.E. 456 (1933).

*standing alone, will not support an involuntary manslaughter conviction. State v. Lowery, supra.*[2]

[2]   The fact that the only other witnesses to the accident perished at the scene did not prevent the state from proving its case. Circumstantial and expert evidence may suffice. The state introduced evidence which, taken most favorably to the state, tended to show that the road was straight and clear, that the victims' car was traveling along it with lights on, and that defendant's car struck it from the left rear with enough force to flip the victims' car and throw it into the ditch. This evidence clearly sufficed, taken in the light most favorable to the state, to show numerous violations of the applicable rules of the road. N.C. Gen. Stat. § 20-140(a) (Cum. Supp. 1981) (reckless driving); N.C. Gen. Stat. § 20-141(a) (1978) (imprudent speed) or G.S. § 20-141(m) (failure to reduce speed to avoid colliding with another vehicle); N.C. Gen. Stat. § 20-152(a) (1978) (following too closely). While the state did not show that alcohol generally impairs reaction time and driving ability, such facts clearly lie within common knowledge of jurors. *See State v. Cole,* 270 N.C. 382, 154 S.E. 2d 506 (1967). The evidence thus was sufficient to support convictions of manslaughter, on the theory that defendant, because of his intoxication, could not avoid the collision and thus caused the fatal collision. Defendant's various motions going to the sufficiency of the evidence were therefore correctly denied.

[3]   While the evidence was sufficient, however, it did not compel the jury's verdict. Defendant's assignment of error to the jury instructions therefore is well taken. Defendant requested an instruction substantially in accordance with the law as we have described it, *i.e.,* that the state must show a causal connection between the intoxication and the accident through a violation of one of the rules of the road. The court refused, stating that viola-

---

2. We are aware of cases apparently supporting, *sub silentio,* a contrary rule. *See State v. Mitchell, supra; State v. Packer,* 61 N.C. App. 481, 301 S.E. 2d 110 (1983); *State v. Whitaker,* 43 N.C. App. 600, 259 S.E. 2d 316 (1979); *see also State v. Atkins,* 58 N.C. App. 146, 292 S.E. 2d 744 (*dicta*), *disc. rev. denied and appeal dismissed,* 306 N.C. 744, 295 S.E. 2d 480 (1982). In none of them was this particular question raised by the parties, however, and we accordingly did not reach it. A review of the facts in those cases also indicates that the violations of the rules of the road were much more readily apparent than here.

tion of a safety statute, including the DUI statute, would support conviction. As noted above, this was error.

[4] In *State v. Lowery, supra,* a drunk-driving manslaughter case, our supreme court held that in order to convict for manslaughter in such a case, it was not sufficient merely to show that the defendant was intoxicated at the time of the collision, but that the evidence must also show reckless driving or other misconduct on the part of the defendant resulting from the intoxication which shows a proximate causal relation between the breach of the drunk-driving statute and the death of the victim. The rule set out in *Lowery* was re-stated in *Atkins v. Moye, supra,* as follows:

> Unquestionably a motorist is guilty of negligence if he operates a motor vehicle on the highway while under the influence of intoxicating liquor. Such conduct, however, will not constitute . . . actionable negligence . . . unless—like any other negligence—it is causally related to the accident. . . . Mere proof that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal relation between his condition and the collision. His condition must have caused him to violate a rule of the road and to operate his vehicle in a manner which was a proximate cause of the collision. [Citations omitted.]

This court most recently followed and applied this rule in *Rhyne v. O'Brien, supra.* We reject the state's argument that defendant's assignment is not properly before us because he failed to object to the instructions as given. *See* Rule 10(b)(2) of the Rules of Appellate Procedure. Defendant timely submitted written instructions and the court denied his request after argument on record. This sufficed to bring the question forward. *See* N.C. Gen. Stat. § 1A-1, Rule 46(b) of the Rules of Civil Procedure.

[5] We also note that by the reasoning applied above, defendant's convictions of driving while license revoked and transporting liquor with the seal broken cannot support the manslaughter convictions. *See also Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593 (1947) (underage driver; breach of care in operation still must be shown).

In his dissent, Judge Eagles takes the position that our decision in this case should be controlled by this court's opinion in

*State v. Johnson*, 72 N.C. App. 512, 325 S.E. 2d 253 (1985).

*Johnson* relies upon *State v. McKenzie*, 292 N.C. 170, 232 S.E. 2d 424 (1977) as support for this rule. We believe that this reliance is misplaced. In *McKenzie* our supreme court held that the following evidence was sufficient to permit a jury to find that defendant was guilty of criminal negligence:

> Defendant was driving at night on a two-lane stretch of road which continued straight ahead of him for several hundred feet. Deceased was riding a bicycle on the road in defendant's lane of travel. The bike was equipped with a headlight and rear reflectors. Although no witness knew whether the headlight was operating at the time, one witness did observe the glow of the rear reflector shortly before the accident. The night was clear and dry and defendant's car was in excellent condition. Defendant admitted having consumed four beers. Witnesses smelled alcohol on his breath and a breathalyzer test yielded a result of .10 percent blood alcohol by weight. Witnesses testified that he was unsteady on his feet after the accident, was emotionally distraught and leaned on his car. Swerve marks at the scene indicated a path of travel leading from the right to the left lane and back again. There were 66 feet of tire marks and gouge marks. Defendant testified he did not have time to apply his brakes before the accident because he failed to see deceased until he was within 6 feet of him, his attention having been directed at two passing cars, but that he did swerve his car. He did not stop for about 500 feet after the accident, having 'frozen' at the wheel. The accident apparently took place approximately at the driveway of the home of Lloyd Chriscoe, uncle of the deceased. Bloodstains were found 231 feet to the north and the bicycle was found 562 feet to the north of the home. The speed limit was 55 mph, and defendant stated to an officer at the scene that he was traveling 'not more than 5 to 10 miles of the speed limit.' Defendant admitted several previous motor vehicle violation convictions, including reckless driving, speeding, and driving under the influence.

*Id.* In *McKenzie* there was ample evidence from which a jury could find that defendant's intoxication was the proximate cause

of the accident in that it caused him to fail to keep a proper lookout and caused him to fail to keep his automobile under the proper control. Furthermore, from this evidence the jury could have inferred that defendant was speeding, and that this caused the accident. We do not agree that *McKenzie* supports the proposition that all the state is required to prove in order to obtain a conviction for involuntary manslaughter, for a death arising out of an automobile accident, is that defendant was driving under the influence at the time the accident occurred.

We are persuaded that under North Carolina law, as it is now constituted, while it is clear that driving while impaired, *see* N.C. Gen. Stat. § 20-138.1 (1983), is culpable negligence, in order to convict an impaired driver of involuntary manslaughter based upon his impairment, the state must show that while driving impaired defendant violated some other rule of the road, and that this violation was the proximate cause of the accident.

Our decision on the jury instruction issue renders defendant's remaining assignment of error moot. Defendant having shown neither prejudicial effect on, nor error in, his misdemeanor convictions, they are affirmed. As to the manslaughter convictions, however, there must be a new trial.

As to the misdemeanor cases, No. 83CRS6781, No. 83CRS6782, and No. 83CRS6788

No error.

As to the manslaughter cases, No. 83CRS8683 and No. 83CRS8684

New trial.

Judge ARNOLD concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent. In *State v. Charles Johnson*, No. 8416SC429, filed 5 February 1985, for reasons ably stated by Judge Webb, we held that "driving under the influence of alcohol

constitutes a thoughtless disregard of consequences or a heedless indifference of the safety and rights of others" and is culpable negligence. *Johnson* stands for the practical proposition that once the State has shown culpable negligence by proof of driving under the influence and has established that the defendant's culpable negligence proximately caused the death of another, no other proof of a violation of a safety statute or a rule of the road is necessary to support a conviction of involuntary manslaughter. Based on our holding in *Johnson*, I would vote that the trial court did not err in refusing to instruct that in addition to proof of driving under the influence as proximate cause of the decedent's death, the State must also prove violation of a rule of the road or violation of another safety statute in order to establish proximate cause.