STATE OF NORTH CAROLINA v. KIM RILEY McGILL

No. 163A85

(Filed 5 November 1985)

**Automobiles and Other Vehicles § 113— driving under the influence—proof required for involuntary manslaughter**

When a death is caused by one who was driving under the influence of alcohol, only two elements must exist for the successful prosecution of involuntary manslaughter: a willful violation of G.S. 20-138 and the causal link between that violation and the death. The State is not required to prove further that defendant's intoxication caused him to violate some other rule of the road and that such violation was a proximate cause of the victims' death.

APPEAL by the State of North Carolina pursuant to N.C.G.S. 7A-30(2) from the decision of a divided panel of the Court of Appeals, 73 N.C. App. 206, 326 S.E. 2d 345 (1985), granting a new trial to defendant on convictions of manslaughter before *Lane, J.*, at the 31 October 1983 session of Superior Court, ROBESON County. Heard in the Supreme Court 11 September 1985.

*Lacy H. Thornburg, Attorney General, by Charles J. Murray, Special Deputy Attorney General, for the State of North Carolina, appellant.*

*Robert D. Jacobson for defendant appellee.*

MARTIN, Justice.

The single issue before this Court is whether, in a prosecution for manslaughter, the state must prove not only that the defendant was driving under the influence and that this proximately caused the victim's death, but that the defendant's intoxication caused him to violate some other rule of the road that in turn caused the death. We hold that only one causal link must be shown—that between the intoxication and the death. No additional misconduct need be alleged.

Around midnight of 26 April 1983, a state trooper arrived at the scene of a two-car accident on a paved, rural road. He found defendant and a passenger standing beside a Chrysler automobile, watching the other car, up-ended, burn in a roadside ditch. Defendant told the officer that he had rounded a curve, driven a short distance, and suddenly seen a car parked in the middle of

the road with its lights off. Defendant said he had then slammed on his brakes and skidded into the other car, flipping it into the ditch. He told the officer that he and his passenger had attempted to free the occupants of the burning car but were prevented from doing so by an explosion and flames. The occupants of the car were killed.

The trooper noticed a strong odor of alcohol on defendant's breath and saw that defendant was unsteady on his feet. He found a half-gallon bottle of whiskey, its seal broken, in defendant's car. A breathalyzer test administered two hours later revealed defendant's blood alcohol level to be 0.19 percent. Defendant's driver's license had been permanently revoked, and his record indicated numerous driving violations, including five convictions for driving under the influence.

An investigation of the accident scene revealed that defendant's car had been travelling about 55 m.p.h., the speed limit, and that it had travelled 450 feet after the curve before colliding with the victims' car. Investigators found defendant's car had left forty-eight feet of skid marks before the impact and thirty feet after, and they determined that defendant's car had been travelling at 35 m.p.h. on impact. Inspection of the victims' car revealed that both the lights and ignition were in the "on" position and that the transmission was in "drive."

The Court of Appeals considered a number of defendant's motions challenging the sufficiency of the evidence. It found ample evidence to support the jury's guilty verdicts regarding defendant's driving while his license was permanently revoked, driving under the influence of alcoholic beverages, and transporting liquor with the seal broken.

Defendant also challenged his conviction of two counts of involuntary manslaughter, based upon what he contended were erroneous jury instructions. The trial judge had instructed the jury that, in order to find defendant guilty of involuntary manslaughter, it must find three things: (1) that defendant had violated any one of the motor vehicle laws of this state; (2) that the violation constituted culpable negligence;[1] and (3) that the violation of that law was the proximate cause of the deaths in this case.

---

1. The trial judge instructed that this requisite could be satisfied by a finding that the violation of a safety statute resulting in injury or death was willful, wanton or intentional.

The Court of Appeals found that circumstantial and expert evidence concerning the accident was sufficient to support the jury's verdict of involuntary manslaughter, but not to compel that verdict. The trial judge's jury instructions were held to be in error. We agree that the evidence is sufficient to support defendant's conviction for manslaughter; however, we find the reasoning of the Court of Appeals concerning the jury instructions to be misguided.

The chief concern of the Court of Appeals' review was the causal connection between defendant's intoxication and the accident. Certainly causation is an indispensable element of the proof of manslaughter, as this Court has consistently held. *See, e.g., State v. Lowery,* 223 N.C. 598, 27 S.E. 2d 638 (1943); *State v. Cope,* 204 N.C. 28, 167 S.E. 456 (1933). In this instance, however, the appellate court's legitimate concern with causation seems to have engendered its error.

The Court of Appeals held that the jury must find not only a causal link between defendant's driving under the influence of alcohol and the victim's death, but another, interconnecting violation: "in order to convict an impaired driver of involuntary manslaughter based upon his impairment, the state must show that while driving impaired defendant violated some *other* rule of the road, and that *this* violation was the proximate cause of the accident." *State v. McGill,* 73 N.C. App. 206, 213, 326 S.E. 2d 345, 350 (emphases added).

The court below relied for its holding upon a rule reportedly set out in *Lowery,* 223 N.C. 598, 27 S.E. 2d 638, which the Court of Appeals interpreted to require "that the evidence must also show reckless driving or other misconduct on the part of defendant resulting from the intoxication which shows a proximate causal relation between the breach of the drunk-driving statute and the death of the victim." 73 N.C. App. at 211, 326 S.E. 2d at 349. In *Lowery,* the two statutes that allegedly had been violated were one prohibiting driving under the influence and one requiring the use of turn signals. The court's concern in that case was twofold: the causal relation between the violation and the death,[2]

---

2. In *Lowery,* the Court found (1) that under the circumstances defendant had had no obligation to signal and that his failure to do so therefore did not amount to criminal negligence, and (2) that, although there was evidence that defendant had

and a rule from *Cope*, 204 N.C. 28, 167 S.E. 456, that the inadvertent or careless accomplishment of an act prohibited by statute but not in itself dangerous would not signify culpable negligence.[3] The language in *Lowery* upon which the Court of Appeals relied was focused not upon the culpable negligence element, as the appellate court assumed, but upon the indispensable causal link: "The violation of the statutes referred to herein, if conceded, is not sufficient to sustain a prosecution for involuntary manslaughter *unless a causal relation is shown between the breach of the statute and the death* . . . ." 223 N.C. at 601, 27 S.E. 2d at 640 (emphasis added).[4]

By its decision the Court of Appeals seeks to engraft an additional requirement to the proof of involuntary manslaughter while driving under the influence of alcohol. Neither *Lowery* nor *Atkins v. Moye*, 277 N.C. 179, 176 S.E. 2d 789 (1970), supports the holding in *McGill*, 73 N.C. App. at 213, 326 S.E. 2d at 350, that "the state must show that while driving impaired defendant violated some other rule of the road, and that this violation was the proximate cause of the accident." All that is required is that the state show that defendant willfully violated N.C.G.S. 20-138 and that this conduct was one of the proximate causes of the death of the victim. Proof of proximate cause *may* involve the violation of an additional safety statute, but it is not an essential element of involuntary manslaughter.

---

been drinking, there was no evidence linking that misconduct to the accident: "conceding that there is some evidence of the intoxication of the defendant, there is no evidence on this record of reckless driving or other misconduct on the part of the defendant *resulting from intoxication* which shows such proximate causal relation between the breach of the statute and the death . . . ." 223 N.C. at 603, 27 S.E. 2d at 641 (emphasis added).

3. In both *Cope* and *Lowery* the Court was concerned with the defendant's intent to break the law. "But an unintentional violation of a prohibitory statute or ordinance, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, is not such negligence as imports criminal responsibility." *State v. Cope*, 204 N.C. 28, 31, 167 S.E. 456, 458 (1933). *See State v. Lowery*, 223 N.C. 598, 603, 27 S.E. 2d 638, 641 (1943). This latter rule is inapplicable in the case at bar: one who drives under the influence cannot be said to do so inadvertently. The act (and the violation) is willful by its very nature.

4. It is no different in this case: driving under the influence is not sufficient to sustain a conviction of manslaughter. A causal relation between the breach and the death must be shown.

We have held that "[i]nvoluntary manslaughter is the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission." *State v. Redfern*, 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976); *State v. Ward*, 286 N.C. 304, 210 S.E. 2d 407 (1974). Under the first alternative in this definition, one who causes the death of another merely by violating the statutory prohibition against driving while impaired would be guilty of involuntary manslaughter. However, this Court generally has considered violations of safety statutes in terms of culpable negligence, the second alternative: "An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence." *Cope*, 204 N.C. at 31, 167 S.E. at 458.

There is no question that N.C.G.S. 20-138, which is included in Part 10, "Operation of Vehicles and Rules of the Road," of the motor vehicle chapter, is a statute designed for the protection of human life and limb, as is its successor, N.C.G.S. 20-138.1.[5] As such, it is a matter of law that a violation of its provisions constitutes culpable negligence.

We therefore hold that when a death is caused by one who was driving under the influence of alcohol, only two elements must exist for the successful prosecution of manslaughter: a willful violation of N.C.G.S. 20-138 and the causal link between that violation and the death. *See State v. Dills*, 204 N.C. 33, 167 S.E. 459 (1933). If these elements are present, the state need not demonstrate that defendant violated any other rule of the road nor

---

5. The Court of Appeals has itself held that the violation of the driving while impaired statute constitutes culpable negligence. "[I]t is clear that driving while impaired, *see* N.C. Gen. Stat. § 20-138.1 (1983), is culpable negligence . . . ." *State v. McGill*, 73 N.C. App. 206, 213, 326 S.E. 2d 345, 350 (1985). "We believe that . . . the violation of a statute prohibiting driving while intoxicated is culpable negligence. . . . We hold that driving under the influence of alcohol constitutes a 'thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.' This is culpable negligence." *State v. Johnson*, 72 N.C. App. 512, 514, 325 S.E. 2d 253, 255 (1985). "A wilful violation of any one of these statutes [N.C.G.S. 20-165.1, 20-138, -139] would constitute culpable negligence if that violation was the proximate cause of [the victim's] death." *State v. Atkins*, 58 N.C. App. 146, 148, 292 S.E. 2d 744, 746, *cert. denied and appeal dismissed*, 306 N.C. 744 (1982).

that his conduct was in any other way wrongful.[6] In this regard, the instructions of the trial judge were essentially proper.[7]

The decision of the Court of Appeals is

Reversed.

---

6. Although it is difficult to visualize a situation where an intoxicated driver could cause another's injury or death by an act that could *not* be characterized as "misconduct," *Lowery*, 223 N.C. 598, 27 S.E. 2d 638, does not and should not foreclose that possibility.

7. As the facts in this case occurred prior to the effective date of N.C.G.S. 20-138.1, it is controlled by former N.C.G.S. 20-138. However, the law stated herein is equally applicable to prosecutions for manslaughter based upon N.C.G.S. 20-138.1.