STATE OF NORTH CAROLINA v. JEHUE COLLINS, JR.

No. 366A92

(Filed 2 July 1993)

### 1. Criminal Law § 803 (NCI4th)— non-capital first degree murder—instruction on lesser-included offenses

It was not necessary to decide whether in non-capital cases the Due Process Clause requires instructions on lesser-included offenses supported by evidence before the trial court; if the evidence before the court in the defendant's non-capital trial tended to show that defendant might be guilty of lesser-included offenses, the trial court was required under N.C.G.S. §§ 15-169 and 15-170 to instruct the jury as to those lesser included crimes.

**Am Jur 2d, Trial §§ 876 et seq.**

### 2. Homicide § 21 (NCI4th)— attempted murder—lesser-included offense of murder

Attempted murder exists as a part of the criminal law of North Carolina and is a lesser offense included within the greater crime of murder. It has been the law of North Carolina at least since 1891 that the prisoner may be convicted of the crime charged in the indictment or of an attempt to commit the crime so charged and, absent statutory provisions to the contrary, an attempt to commit a felony is a misdemeanor. However, N.C.G.S. § 14-3(b) provides that if a misdemeanor for which no specific punishment is provided is infamous, done in secrecy and malice, or with deceit and intent to defraud, the offender shall be guilty of a Class H felony except when the offense is a conspiracy to commit a misdemeanor. Under North Carolina law, an attempt to commit murder is an infamous misdemeanor specifically elevated to the status of a Class H felony. N.C.G.S. § 15-170.

**Am Jur 2d, Homicide §§ 45 et seq.**

### 3. Homicide § 21 (NCI4th)— attempted murder as lesser-included offense—failure to instruct—plain error

There was plain error in a non-capital first degree murder prosecution where the trial court did not instruct the jury on the lesser-included offense of attempted murder. It is clear

that the evidence would have supported a reasonable finding that the defendant intended to commit murder and that he did the overt act of shooting the victim in the chest for that purpose. There was also evidence from an expert in forensic pathology that the victim died of complications from a gallbladder disease entirely unrelated to the gunshot wound and that the gunshot wound was not a cause of death.

**Am Jur 2d, Homicide §§ 45 et seq.**

4. **Appeal and Error § 157 (NCI4th) — no objection to instructions — no request for instructions on lesser offenses — appeal barred**

A murder defendant was barred from assigning as error the trial court's failure to instruct the jury on lesser-included offenses supported by evidence at trial where defendant did not object to the instructions given by the trial court and did not request instructions on lesser offenses. To the extent that earlier cases imply that a defendant is entitled to assign error to the trial court's failure to give instructions on lesser-included offenses when there was no specific prayer for such instructions or objection to the instructions given, those cases are disapproved and are no longer authoritative. Rule of Appellate Procedure 10(b)(2).

**Am Jur 2d, Appeal and Error §§ 545 et seq.**

5. **Appeal and Error § 158 (NCI4th) — murder — failure to instruct on attempted murder — plain error**

The trial court's error in failing to permit the jury to consider convicting the defendant of the lesser-included offense of attempted murder amounted to "plain error" so fundamental that it deprived the defendant of a fair trial where numerous eyewitnesses testified unequivocally that defendant pointed his rifle at the victim and intentionally shot the victim in the chest, but the testimony of a forensic pathologist with impeccable credentials clearly and unequivocally tended to show that the defendant's action in shooting the victim had nothing to do with the victim's death. "Plain error" does not mean obvious or apparent error; this is one of those rare cases in which the trial court's error in failing to instruct on the lesser-included offense was error so fundamental that it denied

STATE v. COLLINS

[334 N.C. 54 (1993)]

the defendant a fair trial and quite probably tilted the scales against him.

**Am Jur 2d, Appeal and Error §§ 545 et seq.**

6. **Homicide § 136 (NCI4th)— first-degree murder—short form indictment—failure to instruct on felonious assault—no plain error**

There was no plain error in a murder prosecution in the failure to instruct on the lesser-included offense of felonious assault where there was evidence that defendant had shot the victim but not caused his death but defendant had been charged by a short-form indictment. It has been held that such an indictment does not specify a murder accomplished by assault and is insufficient to support a verdict of guilty of assault, assault inflicting serious injury, or assault with intent to kill.

**Am Jur 2d, Homicide § 216.**

Justice MEYER concurring in part and dissenting in part.

Appeal of right, pursuant to N.C.G.S. § 7A-27(a), from a judgment imposing a sentence of imprisonment for life entered by John, J., on 9 June 1992, in the Superior Court, Forsyth County. Heard in the Supreme Court on 10 May 1993.

*Michael F. Easley, Attorney General, by Valerie B. Spalding, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Janine M. Crawley, Assistant Appellate Defender, for the defendant-appellant.*

MITCHELL, Justice.

The defendant, Jehue Collins, Jr., was tried non-capitally upon a proper bill of indictment charging him with the murder of David Monte Brown. The jury found the defendant guilty of first-degree murder, and the trial court entered judgment sentencing him to imprisonment for life. The defendant appealed to this Court as a matter of right.

A complete review of the evidence introduced at trial is unnecessary in resolving the issue which we find dispositive of this

case on appeal. The State's evidence tended to show, *inter alia*, that several people saw the defendant with a rifle in his hands approach the victim at a party. Several people told the defendant to "stop," and Kenneth Woodruff told the defendant "not to do it" and put his hand on the defendant's chest. The defendant raised the rifle over Woodruff's shoulder and shot the victim, David Monte Brown, in the chest. Woodruff testified that a short time later at a gas station nearby, he heard the defendant say that the shooting had to be done. The State offered unequivocal testimony of numerous eyewitnesses to the effect that the defendant was the man who had shot the victim in the chest in their presence.

The defendant testified that he was present when the victim was shot, but that someone else shot him. Other evidence introduced by the defendant is discussed at later points in this opinion where pertinent to our resolution of the case.

[1] By an assignment of error, the defendant contends that the trial court erred in instructing the jury only on possible verdicts finding him guilty of first-degree murder or not guilty. Specifically, the defendant argues that the trial court erred when it failed to instruct the jury to consider possible verdicts of guilty of attempted murder and felonious assault, which the defendant says were lesser-included offenses supported by the evidence in the present case. Evidence at trial tended to show that the gunshot wound inflicted upon the victim did not in any way contribute to his death. The defendant argues that such evidence tended to negate the element of causation which must be established in order to sustain a conviction for any form of homicide, either murder or manslaughter, and that, therefore, on the evidence before it, the trial court erred by failing to instruct the jury on the lesser-included offenses of attempted murder and felonious assault — offenses for which it need not be shown that the defendant's actions were a cause of the victim's death.

The defendant contends that the trial court's error in failing to instruct the jury to consider possible verdicts finding him guilty of the lesser-included offenses of attempted murder and felonious assault deprived him of a panoply of state and federal constitutional rights, including the right to due process guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. Due process requires that a jury in a capital case be given instructions on lesser-included, non-capital offenses

when the evidence warrants such instructions. *Beck v. Alabama,* 447 U.S. 625, 635-38, 65 L. Ed. 2d 392, 401-403 (1980); *State v. Strickland,* 307 N.C. 274, 286, 298 S.E.2d 645, 654 (1983), *overruled on other grounds, State v. Johnson,* 317 N.C. 193, 344 S.E.2d 775 (1986). We need not and do not decide here whether in non-capital cases the Due Process Clause requires instructions on lesser-included offenses supported by evidence before the trial court. *See generally Beck,* 447 U.S. at 638 n. 14, 65 L. Ed. 2d at 403 n. 14 (expressly declining to address or decide this point); *Tata v. Carver,* 917 F.2d 670 (1st Cir. 1990) (review of federal cases addressing this issue). If the evidence before the trial court in the defendant's non-capital trial in the present case tended to show that the defendant might be guilty of lesser-included offenses, the trial court was required under N.C.G.S. §§ 15-169 and -170 to instruct the jury as to those lesser-included crimes. It is well established that:

> G.S. § 15-169 and G.S. § 15-170 are applicable *only when there is evidence* tending to show that the defendant may be guilty of a lesser offense. *State v. Jones,* 249 N.C. 134, 139, 105 S.E.2d 513, 516, and cases cited. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 159, 84 S.E.2d 545, 547.

*State v. Williams,* 275 N.C. 77, 88, 165 S.E.2d 481, 488 (1969). *Cf. State v. Johnson,* 317 N.C. 417, 347 S.E.2d 7 (1986) (non-capital case). Therefore, we turn next to consider whether the evidence before the trial court was substantial evidence from which a jury reasonably could find that the defendant had committed a crime of lesser degree, which was an offense included within the crime of first-degree murder for which he stood charged.

[2] The defendant contends that the evidence before the trial court would have supported a finding that he committed the crime of attempted murder and that the crime of attempted murder is a crime of lesser degree included within the crime of first-degree murder. Our research has revealed one case in which this Court clearly has been required to review the validity of a conviction of a defendant for attempted murder. *State v. Gilley,* 306 N.C. 125, 291 S.E.2d 645 (1982), *overruled on other grounds, State v.*

*Barnes*, 324 N.C. 539, 380 S.E.2d 118 (1989). *Cf. State v. Alderman*, 182 N.C. 917, 110 S.E. 59 (1921) (The defendants were indicted for counts of (1) "attempt to kill" by administering poison, (2) secret assault with intent to kill by administering poison, (3) assault with intent to kill by administering poison, and (4) assault with a deadly weapon inflicting serious injury by administering poison. This Court merely stated that the "[d]efendants were convicted" without specifying whether the defendants were convicted of all of the counts or only certain ones of them.). In *Gilley*, the defendant did not contend that the law of North Carolina does not recognize the crime of attempted murder. Instead, he contended that there was insufficient evidence presented at trial to permit the trial court to submit the charge of attempted murder to the jury for its consideration. *Gilley*, 306 N.C. at 130, 291 S.E.2d at 648. We concluded that any error involved in the defendant's conviction and sentence for attempted murder in *Gilley* was harmless for reasons which are of no consequence here and have since been rejected. In doing so, however, we did state that the evidence before the trial court in *Gilley* "was sufficient to raise a reasonable inference as to each element of the offense of attempted murder." *Id.* The clear implication of our language, although perhaps it was *dicta*, was that an offense of attempted murder exists as a part of the criminal law of North Carolina; we now so hold in this case in which we are faced directly with that issue. Further, attempted murder is a lesser offense included within the greater crime of murder.

At least since 1891, it has been the law of this jurisdiction that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein . . . or of an attempt to commit the crime so charged. . . ." N.C.G.S. § 15-170 (1983). Further, it has long been established that, absent statutory provisions to the contrary, an attempt to commit a felony is a misdemeanor. *State v. Hageman*, 307 N.C. 1, 8, 296 S.E.2d 433, 438 (1982). Murder is a felony. N.C.G.S. § 14-17 (1986). Therefore, nothing else appearing, attempted murder would be only a misdemeanor. However, N.C.G.S. § 14-3(b) provides: "If a misdemeanor offense as to which no specific punishment is prescribed be infamous, done in secrecy and malice, or with deceit and intent to defraud, the offender shall, except when the offense is a conspiracy to commit a misdemeanor, be guilty of a Class H felony." N.C.G.S. § 14-3(b) (1992 Cum. Supp.). This Court has held that an attempted burglary was "infamous" and, for that reason, was elevated to the status of a felony by

N.C.G.S. § 14-3(b). *State v. Surles*, 230 N.C. 272, 52 S.E.2d 880 (1949). We said that this was so because burglary was an act of depravity, involving moral turpitude, revealing a heart devoid of social duties and a mind fatally bent on mischief. *Id*. For similar reasons, we have concluded that attempted common law robbery, attempted armed robbery and attempted crime against nature are misdemeanors which are elevated to the status of felonies by N.C.G.S. § 14-3(b). *Hageman*, 307 N.C. at 8, 296 S.E.2d at 438. Likewise, we now conclude that under North Carolina law an attempt to commit murder is an infamous misdemeanor specifically elevated by N.C.G.S. § 14-3(b) to the status of a Class H felony.

[3] We must next consider whether the evidence before the trial court would permit a rational jury finding that the defendant was guilty of the lesser-included offense of attempted murder, rather than the greater offense of murder. If so, the trial court erred in failing to instruct the jury on the lesser offense and in failing to submit a possible verdict finding the defendant guilty of the lesser offense for the jury's consideration.

The elements of an attempt to commit a crime are (1) an intent to commit the crime, (2) an overt act done for that purpose, going beyond mere preparation, (3) but falling short of the completed offense. *State v. Powell*, 277 N.C. 672, 178 S.E.2d 417 (1971); *State v. McNeely*, 244 N.C. 737, 94 S.E.2d 583 (1956); *Surles*, 230 N.C. 272, 52 S.E.2d 880. Here, beyond any serious contention to the contrary, it is clear that the evidence before the trial court would have supported a reasonable finding that the defendant intended to commit murder and that he did the overt act of shooting the victim in the chest for that purpose. The defendant contends that there was also substantial evidence tending to show that his actions fell short of the completed offense of murder. Therefore, he contends that there was substantial evidence in the present case which would have supported a reasonable finding that he committed the lesser-included offense of attempted murder. For this reason, he says that the trial court erred in failing to instruct the jury on the lesser-included offense of attempted murder. We agree.

A person may not be convicted of murder or any other homicide offense unless his actions cause or directly contribute to the death of the victim. *State v. Brock*, 305 N.C. 532, 290 S.E.2d 566 (1982). In other words, the defendant's actions must have been a proximate

cause of the victim's death in order for the defendant to be guilty of murder or any other form of homicide. *Id.; State v. Minton*, 234 N.C. 716, 68 S.E.2d 844 (1952).

In the present case, Dr. Page Hudson, former Chief Medical Examiner for the State of North Carolina, was accepted by the trial court as an expert in forensic pathology. Dr. Hudson testified at length and gave his unequivocal opinion as an expert that the gunshot wound, which had been inflicted to the victim's chest more than a month before the victim died, was not a cause of his death. Dr. Hudson testified unequivocally that the victim had died of complications from a gallbladder disease, entirely unrelated to the gunshot wound which evidence indicated the defendant had inflicted. Dr. Hudson also gave his unequivocal expert opinion that the gunshot wound did nothing to cause or aggravate the defendant's gallbladder disease. The testimony of Dr. Hudson was substantial evidence tending to show that no action by the defendant either caused or directly contributed to the death of the victim. This was substantial evidence, therefore, that the actions of this defendant fell short of the completed offense of murder. Dr. Hudson's testimony and the State's evidence tending to show that the defendant intended to kill the victim and shot him in the chest for that purpose, taken together, provided substantial evidence of all of the elements of attempted murder and required that the trial court submit a possible verdict finding the defendant guilty of that lesser offense to the jury for its consideration. *See Powell*, 277 N.C. at 678, 178 S.E.2d at 420. Therefore, the trial court erred in failing to take such action.

[4] In the present case, however, the defendant did not object to the instructions given by the trial court and did not request instructions on lesser offenses. Therefore, he is barred by Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure from assigning as error the trial court's failure to instruct the jury on lesser-included offenses supported by evidence at trial. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). To the extent that earlier cases imply that a defendant is entitled to assign error to the trial court's failure to give instructions on lesser-included offenses when there was no specific prayer for such instructions or objection to the instructions given, those cases are disapproved and are no longer authoritative. *E.g., State v. Weaver*, 306 N.C. 629, 295 S.E.2d 375 (1982); *State v. Moore*, 300 N.C. 694, 268 S.E.2d 196 (1980); *State v. Ferrell*, 300 N.C. 157, 265 S.E.2d 210 (1980);

*State v. Banks*, 295 N.C. 399, 245 S.E.2d 743 (1978); *State v. Redfern*, 291 N.C. 319, 230 S.E.2d 152 (1976); *State v. Bell*, 284 N.C. 416, 200 S.E.2d 601 (1973).

[5]   In *Odom*, this Court adopted the "plain error" rule "to allow for review of some assignments of error normally barred by waiver rules such as Rule 10(b)(2)." 307 N.C. at 659, 300 S.E.2d at 378. But we emphasized in *Odom* that the term "plain error" does not simply mean obvious or apparent error. *Id.* at 660, 300 S.E.2d at 378. Since then, we have indicated that to reach the level of "plain error" contemplated in *Odom*, the error in the trial court's jury instructions must be "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988) (citing *State v. Walker*, 316 N.C. 33, 340 S.E.2d 80 (1986); *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983) ).

As the defendant did not object to the trial court's instructions or request an instruction on lesser-included offenses, we must review this assignment under the "plain error" standard of *Odom*. Having done so, we conclude that this is one of those rare cases in which the trial court's error in failing to instruct on the lesser-included offense was, on the evidence presented, error so fundamental that it denied the defendant a fair trial and quite probably tilted the scales against him.

Although the defendant testified to the contrary, numerous eyewitnesses testified unequivocally that, after being asked not to do so, the defendant pointed his rifle at the victim and intentionally shot the victim in the chest. However, the testimony of Dr. Page Hudson, a forensic pathologist of impeccable medical credentials who had performed approximately 5,000 autopsies and who had taught forensic pathology at several nationally recognized medical colleges, clearly and unequivocally tended to show that the defendant's action in shooting the victim had nothing to do with the victim's death. Dr. Hudson's testimony was that the victim would have died of a gallbladder infection at the same time he actually died, even if he had not been shot by the defendant; the shooting did nothing to hasten or cause the victim's death. Based on all the evidence at trial, it is fair to say that one of the elements (causation) of the offense of murder charged in the indictment re-

STATE v. COLLINS

[334 N.C. 54 (1993)]

mained in substantial doubt; however, as the defendant plainly was guilty of some offense, the jury was likely to resolve its doubts in favor of conviction. *See Beck v. Alabama*, 447 U.S. 625, 65 L. Ed. 2d 392 (1980); *State v. Johnson*, 317 N.C. 417, 347 S.E.2d 7 (1986). Given this state of affairs, we can only conclude that the trial court's error in failing to permit the jury to consider convicting the defendant of the lesser-included offense of attempted murder amounted to "plain error" so fundamental that it deprived the defendant of a fair trial. Accordingly, we conclude that the defendant must receive a new trial.

[6] The defendant also contends under this assignment of error that the trial court committed plain error by failing to instruct the jury on the lesser-included offense of felonious assault. Since this issue is likely to arise again at a new trial of the defendant, we address it here in the interest of judicial economy.

The defendant was charged in this case by a "short-form" murder indictment, which alleged that he "unlawfully, willfully and feloniously and of malice aforethought did kill and murder David Monte Brown." In *State v. Whiteside*, 325 N.C. 389, 383 S.E.2d 911 (1989), this Court held that an indictment charging "that defendant 'unlawfully, willfully and feloniously and of malice aforethought did kill and murder [the victim]' is insufficient to support a verdict of guilty of assault, assault inflicting serious injury or assault with intent to kill" because such murder indictment does not specify a murder accomplished by assault. 325 N.C. at 403, 383 S.E.2d at 919. In *State v. Gibson*, 333 N.C. 29, 424 S.E.2d 95 (1992), we reaffirmed our holding in *Whiteside* after careful and detailed analysis. Nevertheless, the defendant asks us to again reconsider the question and overrule *Whiteside*. A proper regard for the doctrine of *stare decisis* requires that we reject the defendant's request and reaffirm our holdings on this issue in *Whiteside* and *Gibson*. Therefore, we reject this argument by the defendant.

The defendant has presented several other assignments of error. We do not address them in this opinion, however, as they are unlikely to recur in any new trial of the defendant on this charge of murder.

For the foregoing reasons, we hold that the defendant must receive a new trial.

New trial.

STATE v. COLLINS

[334 N.C. 54 (1993)]

Justice MEYER concurring in part and dissenting in part.

I concur in the majority's holding that attempted murder is a lesser included offense of the crime of first-degree murder and is punishable as a felony. I dissent from the majority's holding that under a plain error analysis, defendant is entitled to a new trial for the trial court's failure to charge the jury on attempted murder.

On the face of the transcript of this case, it is as plain as plain can be that this defendant did not want the trial judge to submit any lesser included offense and that this was calculated trial strategy. Defendant's defense was simply and solely that he was not guilty of first-degree murder. His trial strategy was two-pronged. First, defendant believed that the State could not prove to the satisfaction of the jury beyond a reasonable doubt that he was the person who shot the victim. Defendant took the stand and testified categorically that although he was at the Wessex party with his friends, he did *not* fire the gun and did not see who fired it because the shot came from behind him. Second, defendant believed that even if the jury was convinced that he fired the shot, the State could not satisfy the jury beyond a reasonable doubt that the gunshot wound in any way caused or contributed to the victim's death. Defendant mounted an attack on the element of the "killing" of another human being, through the testimony of his pathology expert, who, contrary to the State's expert witness, gave his expert opinion that the victim would have died on 25 January 1992 of gallbladder disease and ensuing complications even had he not been shot.

At the charge conference, the trial court announced that it would submit first-degree murder and not guilty as possible verdicts and specifically inquired of defense counsel whether he had any request for special instructions or *any recommended alternative verdicts* to be submitted to the jury. When this inquiry was made, defense counsel asked for confirmation that the trial court would give a charge on the definition of "reasonable doubt," and when he received an affirmative answer, he stated that he had no objections or additions.

The transcript demonstrates to me that defendant in no way wished to have the jury consider whether he was guilty of some lesser included offense. Defendant wanted the jury to consider only two possible verdicts: guilty of first-degree murder or not

STATE v. COLLINS

[334 N.C. 54 (1993)]

guilty. Defendant obviously felt that the jury would not convict him of first-degree murder and that he would walk away a free man. He relied solely on the State's inability to prove first-degree murder. Though defendant's trial strategy failed him, he knowingly chose to rely upon introducing reasonable doubt as to whether he, in fact, shot the victim and whether the shot, in fact, killed the victim.

It is familiar learning that trial counsel should be given wide latitude in matters of strategy. Although a defendant may always show not only his innocence under the theory of prosecution chosen by the State, but also his possible guilt of some lesser offense, there is no law forcing him to do so, and it is obvious that this defendant deliberately chose not to do so.

It is true that this Court has held that where there is evidence of a defendant's guilt of a lesser included offense of the crime set forth in the bill of indictment, the defendant is entitled to have the question submitted to the jury even in the absence of a specific request for the instruction. It is clear from the text of the opinions in those cases, however, that the defendants did, in fact, request instructions on lesser included offenses, or made motions for dismissal, as part of their trial strategy. This Court, therefore, determined in each case whether the trial court had erred in *refusing* to give the requested instructions to the jury. *See, e.g., State v. Moore,* 300 N.C. 694, 268 S.E.2d 196 (1980) (and cases cited therein); *State v. Riera,* 276 N.C. 361, 172 S.E.2d 535 (1970) (and cases cited therein). In short, in those cases, the Court was *not* ascertaining whether *plain error* was present. Thus, in that regard, this case is distinguishable.

Defendant clearly waived his right to assign error to the omission from the charge. Rule 10(b)(2) of our Rules of Appellate Procedure provides as follows:

(2) *Jury Instructions; Findings and Conclusions of Judge.* A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

STATE v. COLLINS

[334 N.C. 54 (1993)]

In *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983), we said:

> The adoption of the "plain error" rule does not mean that every failure to give a proper instruction mandates reversal regardless of the defendant's failure to object at trial. To hold so would negate Rule 10(b)(2) which is not the intent or purpose of the "plain error" rule. *See United States v. Ostendorff*, 371 F.2d 729 (4th Cir.), *cert. denied*, 386 U.S. 982, 18 L. Ed. 2d 229, 87 S. Ct. 1286 (1967). The purpose of Rule 10(b)(2) is to encourage the parties to inform the trial court of errors in its instructions so that it can correct the instructions and cure any potential errors before the jury deliberates on the case and thereby eliminate the need for a new trial. Indeed, even when the "plain error" rule is applied, "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212, 97 S. Ct. 1730, 1736 (1977).

*Odom*, 307 N.C. at 660-61, 300 S.E.2d at 378.

Because this issue is considered by this Court under the plain error rule, the defendant should not be entitled to relief by reason of his deliberately chosen strategy at trial of withholding from the jury's consideration any lesser included offense. *See State v. Liner*, 98 N.C. App. 600, 391 S.E.2d 820 (defendant who knowingly, intelligently, and voluntarily waives right to have trial court submit possible verdicts of lesser included offense may not thereafter assign as error on appeal trial court's failure to do so, even though evidence would support same), *disc. rev. denied*, 327 N.C. 435, 395 S.E.2d 693 (1990).

N.C.G.S. § 15A-1443, "Existence and showing of prejudice," specifically provides: "A defendant is not prejudiced . . . by error resulting from his own conduct." N.C.G.S. § 15A-1443(c) (1988). I find no plain error in this case.

The majority's holding in this case will many times prove detrimental to criminal defendants, as they will be deprived of the trial strategy relied upon by the defendant here, and it is no secret that this strategy oftentimes proves successful. Because our trial judges are forced to charge on all lesser included offenses supported by the evidence and, under the majority's holding, defendants may not waive submission of such charges, defendants

are deprived of the strategy employed in this case. While it is true, as the majority observes, that juries often convict because of their reluctance to allow a defendant to go free when they strongly "suspect" he is guilty, juries also tend to convict a defendant of a lesser included offense rather than find him not guilty of the crime charged in the indictment when they are not convinced beyond a reasonable doubt of his guilt of the greater offense.