STATE OF NORTH CAROLINA v. KEITH ERIC HUDSON, Defendant

No. COA95-271

(Filed 6 August 1996)

1. **Admiralty, Navigation, and Boating § 39 (NCI4th)— involuntary manslaughter—operating boat while intoxicated as lesser included offense**

   Operating a boat while intoxicated is a lesser included offense of involuntary manslaughter predicated upon that crime, since it satisfies the "culpable negligence" alternative within the definition of involuntary manslaughter, and every element of operating a boat while intoxicated, N.C.G.S. § 75A-10A, is embraced in the common law definition of involuntary manslaughter.

   **Am Jur 2d, Boats and Boating § 17.**

   **Criminal Liability for injury or death caused by operation of pleasure boat. 8 ALR4th 886.**

2. **Admiralty, Navigation, and Boating § 39 (NCI4th); Homicide § 550 (NCI4th)— involuntary manslaughter charged—instruction on lesser offense of operating boat while intoxicated**

   Due process required the trial court to instruct on the lesser included offense of operating a boat while intoxicated as an alternative to the choices of either guilty or not guilty of involuntary manslaughter in that the evidence permitted the jury rationally to find him guilty of operating a boat while intoxicated and acquit him of involuntary manslaughter.

   **Am Jur 2d, Boats and Boating § 17; Homicide §§ 525 et seq.**

Appeal by defendant from judgments entered 29 July 1994 by Judge Robert M. Burroughs, Sr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 October 1995.

*Attorney General Michael F. Easley, by Assistant Attorneys General Joseph P. Dugdale, Robert T. Hargett, and Linda Fox for the State.*

*Theo X. Nixon, for defendant-appellant.*

STATE v. HUDSON

[123 N.C. App. 336 (1996)]

JOHN, Judge.

Defendant appeals convictions of three counts of involuntary manslaughter based upon violation of N.C. Gen. Stat. § 75A-10, "Operating boat . . . while intoxicated . . . ." (DWI boating). He contends the trial court erred in numerous respects, including its failure to submit DWI boating to the jury as a lesser included offense. We find this argument persuasive and award defendant a new trial.

The State's evidence at trial tended to show that on 6 June 1993, defendant, Amy Stevens (Stevens) and Jason Charlton (Charlton) traveled from defendant's home on Lake Wylie to the lakefront Bourbon Street Yacht Club (the club) in defendant's 19-foot Javelin bass boat. They arrived at approximately 9:00 p.m. During the course of the evening, defendant was observed consuming alcoholic beverages and socializing with friends, including Tracey Hamilton (Hamilton). Hamilton requested a ride in defendant's boat, and defendant consented because he had agreed to take Charlton and Stevens back across the lake that night. The four left the club at approximately midnight and headed south on the lake with defendant operating the boat.

That same evening, Rusty Hill (Hill) was traveling in a northerly direction on Lake Wylie in his 26-foot Chris-Craft cabin cruiser. Hill was proceeding at a cruising speed of approximately 18-22 miles per hour when he glanced towards the shore to look at a miniature lighthouse on property belonging to Ken Wilson (Wilson). As Hill directed his attention back to the water in front of him, his cabin cruiser collided with defendant's boat, sending the cruiser airborne. Hamilton, Stevens and Charlton were killed instantly as a result of the collision.

Defendant's uncontradicted testimony was that immediately before the accident, he had engaged the boat's idle device, or "hot foot," and allowed it to proceed at approximately 1-2 m.p.h. as he approached Wilson's lighthouse. He then retrieved a floatation device for Hamilton to sit on from a storage compartment near the front of the boat, and next bent down under the console to reach a shirt. He remembered nothing else except regaining consciousness in the hospital about one week later.

Although there was no actual witness to the collision, the defense presented unrefuted testimony from two accident reconstruction experts. Each stated that at the moment of impact, Hill's larger boat

was traveling at approximately 20 m.p.h. while defendant's boat was either merely idling in the water or moving at a speed of less than 2 m.p.h., and that the larger boat overran the smaller. A test performed by hospital staff indicated defendant was intoxicated, while no alcohol was detected in Hill's blood.

On 21 September 1993, defendant was charged with three counts of involuntary manslaughter in the deaths of Stevens, Charlton, and Hamilton. Guilty verdicts were returned in each case 29 July 1994. Upon judgment entered upon these verdicts and imposition of a sentence totaling nine years, defendant appeals.

Prior to addressing the merits of defendant's appeal, we observe his appellate brief is 42 pages in length, thereby exceeding the 35 page limit prescribed by N.C.R. App. P. 28(j). At oral argument, defendant's counsel proffered minimal justification for this rule violation. Consequently, pursuant to our authority under N.C.R. App. P. 25(b), we impose upon counsel a fine and reimbursement of copying expenses in a total amount of $500.00, to be paid by counsel personally.

Turning to defendant's appeal, and notwithstanding objection by the State, we exercise our discretion, *see* N.C.R. App. P. 2, to consider defendant's argument that the trial court erred by failing to submit to the jury the lesser included offense of DWI boating.

Resolution of defendant's argument requires a two-part analysis: (1) whether DWI boating is indeed a lesser included offense of involuntary manslaughter; and (2) if so, whether as a matter of law defendant was entitled to an instruction on the lesser offense. *See State v. Owen*, 111 N.C. App. 300, 308, 432 S.E.2d 378, 384 (1993). Although the parties in their respective briefs appear to assume an affirmative response to the first question, our research reveals no case law resolving this specific issue. *See State v. Lackey*, 71 N.C. App. 581, 584-85, 323 S.E.2d 32, 35 (1984), concurring opinion of Becton, J. ("Defendant could have been convicted of both [involuntary manslaughter and DWI] at a joint trial. Whether judgment would have had to have been arrested on one of the convictions is a question we need not decide.").

[1] We commence our examination of the first inquiry by noting the "long-standing rule in this jurisdiction," *State v. Weaver*, 306 N.C. 629, 637, 295 S.E.2d 375, 379 (1982), *overruled in part on other grounds*, *State v. Collins*, 334 N.C. 54, 61, 335 S.E.2d 437, 455 (1993), "that a

lesser included offense is one in which the greater offense contains all of the essential elements of the lesser offense." *Id.* Such determination is made "on a *definitional*, not a factual basis." *Id.* at 635, 295 S.E.2d at 379 (emphasis in original).

However, this definitional standard was arguably relaxed somewhat in *State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988), wherein the Court held larceny to be a lesser included offense of armed robbery, notwithstanding the absence of complete overlap in elements. *Id.* at 518, 369 S.E.2d at 819. The Court based its decision in part on the "natural," *id.* at 514, 369 S.E.2d at 817, or "special relationship," between the two offenses. *Id.* at 516, 369 S.E.2d at 818. Also deemed persuasive were

> [t]he worthy goals of economy, efficiency, accuracy and fairness in judicial proceedings . . . by placing all options raised by . . . the evidence before the same jury in a single trial.

*Id.* at 518, 369 S.E.2d at 819. Nonetheless, absent a specific decision to the contrary, we conclude that the stricter "definitional" approach of *Weaver* remains applicable, *see State v. Herring*, 322 N.C. 733, 742, 370 S.E.2d 363, 369 (1988) (citing *Weaver*, "[i]n determining whether one offense is a lesser included offense of another, we apply a definitional as opposed to a transactional test"), and proceed to an examination of the respective definitions of DWI boating and involuntary manslaughter.

The offense of DWI boating, codified in G.S. § 75A-10, provided in pertinent part at the time of the collision *sub judice* that:

> (b1) No person shall operate any motorboat or motor vessel while underway on the waters of this State:

> (1) While under the influence of an impairing substance,

or

> (2) After having consumed sufficient alcohol that he has, at any relevant time after the boating, an alcohol concentration of 0.10 or more.

> . . . .

> *The relevant definitions contained in G.S. 20-4.01 shall apply to this subsection. . . .*

G.S. § 75A-10 (1989) (emphasis added.)

N.C. Gen. Stat. § 20-4.01(24a) (1991) defines "Offense Involving Impaired Driving" as, *inter alia*, any of the following offenses:

a. Impaired driving under G.S. 20-138.1.

b. Death by vehicle under G.S. 20-141.4 when conviction is based upon impaired driving or a substantially equivalent offense under previous law.

c. Second degree murder under G.S. 14-17 or involuntary manslaughter under G.S. 14-18 when conviction is based upon impaired driving or a substantially equivalent offense under previous law.

N.C.G.S. § 14-18 classifies involuntary manslaughter as a Class H felony, and the offense is defined as

the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission.

*State v. McGill*, 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985).

Both driving while impaired (DWI) in violation of G.S. § 20-138.1 and DWI boating under G.S. § 75A-10, the latter by virtue of essentially identical elements and of incorporation through statutory reference, *see* G.S. § 75A-10(b1) and G.S. § 20-4.01(24a), constitute as "a matter of law . . . culpable negligence." *McGill*, 314 N.C. at 637, 336 S.E.2d at 93. As such, each offense satisfies the "second alternative" to involuntary manslaughter. *Id.* at 637, 336 S.E.2d at 92. Moreover, when, as alleged in the instant case, "death is caused by one who was driving under the influence of alcohol," our Supreme Court has required the existence of "two elements . . . for the successful prosecution of [involuntary] manslaughter: a willful violation of N.C.G.S. 20-138 and the causal link between that violation and the death." *Id.* at 637, 336 S.E.2d at 93. *See also State v. Moore*, 107 N.C. App. 388, 397, 420 S.E.2d 691, 697, *disc. review denied*, 332 N.C. 670, 424 S.E.2d 414 (1992) ("[t]he charge of involuntary manslaughter required the State to prove (1) defendant was driving a motor vehicle, (2) on a highway, (3) under the influence of an impairing substance causing appreciable impairment of his normal mental and bodily functions [the elements of driving under the influence pursuant to G.S. § 20-138.1 (1989)], and (4) [defendant's] impaired driving proximately but unintentionally caused the death of [the victim.]").

STATE v. HUDSON

[123 N.C. App. 336 (1996)]

Measurement of the foregoing principles according to the test of *Weaver*, *i.e.*, whether the greater offense contains all of the essential elements of the lesser offense, *Weaver*, 306 N.C. at 635, 295 S.E.2d at 379, mandates the conclusion that DWI boating is a lesser included offense of involuntary manslaughter predicated upon that crime. As noted above, DWI and DWI boating satisfy the "second alternative" or "culpable negligence" within the definition of "involuntary manslaughter." *See McGill*, 314 N.C. at 637, 336 S.E.2d at 92-93. Moreover, in order to sustain a conviction for involuntary manslaughter by DWI, it is necessary to establish the elements of DWI and that the commission of that offense was the proximate cause of death. *See Moore*, 107 N.C. App. at 397, 420 S.E.2d at 697. Hence the greater offense of involuntary manslaughter contains each essential element of the lesser charge of DWI. *See State v. Freeman*, 31 N.C. App. 93, 97, 228 S.E.2d 516, 519, *disc. review denied*, 291 N.C. 449, 230 S.E.2d 766 (1976) (misdemeanor death by vehicle, pursuant to G.S. § 20-141.4, is a lesser included offense of involuntary manslaughter because "every element of G.S. 20-141.4 [is] embraced in the common law definition of involuntary manslaughter").

In the case *sub judice*, the offense of DWI boating is likewise included within the crime of involuntary manslaughter. "Every element of [G.S. 75A-10A—DWI boating] is embraced in the common law definition of involuntary manslaughter," *see Freeman*, 31 N.C. App. at 97, 228 S.E.2d at 519, and the latter offense contains the additional element of "the unintentional killing of a human being without malice." *See McGill*, 314 N.C. at 637, 336 S.E.2d at 92; *see also State v. Williams*, 90 N.C. App. 614, 621, 369 S.E.2d 832, 837, *disc. review denied*, 323 N.C. 369, 373 S.E.2d 555 (1988) (felony death by vehicle not lesser offense included within involuntary manslaughter predicated upon driving while impaired as each requires identical essential elements, to wit: willful violation of G.S. §20-138.1, and causal link between violation and death), and *Lackey*, 71 N.C. App. at 584, 323 S.E.2d at 34 (because intoxication is element of involuntary manslaughter, trial court erred by using defendant's intoxication as aggravating factor for sentencing purposes).

In the foregoing context, we observe that a majority of jurisdictions which have considered the issue have held that DWI constitutes a lesser included offense of involuntary manslaughter. *See Mayfield v. State*, 612 So.2d 1120, 1125-26 (Miss. 1992) (crime of aggravated driving under the influence a lesser included offense of crime of involuntary manslaughter by culpable negligence due to "inherent

relationship" existing between the two offenses); *State v. Adams*, 744 P.2d 833, 837 (Kan. 1987) (driving while under the influence of alcohol a lesser included offense of involuntary manslaughter because "[b]y proving all of the elements necessary to establish involuntary manslaughter, the State necessarily proved each element of the crime of driving while under the influence of alcohol," thereby precluding "driving while under the influence of alcohol from being [merely] a " 'factually related offense.' "); *Duncan v. State*, 358 S.E.2d 910, 911 (Ga. 1987) (driving under the influence "a lesser included offense of first degree vehicular homicide" as "[p]roof of the elements of [the greater offense] necessarily requires proof of the elements of [the lesser offense.]"); *State v. Sondermann*, 812 S.W.2d 275, 275-76 (Mo. 1991) (by statute, "state could not prove its case [of involuntary manslaughter] without necessarily proving the driving while intoxicated charge," and latter is thus a lesser included offense.); *contra Ange v. Commonwealth*, 234 S.E.2d 64, 65 (Va. 1977) ("involuntary manslaughter and drunk driving, are not the same either in law or in fact[,] . . . . [n]or is one a lesser degree of the other.")

**[2]** Having held violation of G.S. § 75A-10 (DWI boating) to constitute a lesser included offense of involuntary manslaughter grounded upon contravention of the statute, we proceed to a consideration of whether defendant was entitled to jury consideration of the lesser included offense. *See Owen*, 111 N.C. App. at 308, 432 S.E.2d at 384.

It is well-established that the jury must be instructed as to a lesser-included offense of the crime charged when there is evidence from which the jury could find that the defendant committed the lesser offense. *State v. Conaway*, 339 N.C. 487, 514, 453 S.E.2d 824, 841, *cert. denied*, —— U.S. ——, 133 L. Ed. 2d 153 (1995). The focus is on " 'what the state's evidence tends to prove.' " *State v. Brown*, 339 N.C. 426, 439, 451 S.E.2d 181, 189 (1994), *cert. denied*, —— U.S. ——, 133 L. Ed. 2d 46 (1995) (citation omitted). If the State's evidence meets its burden of proving each element of the charged offense and no evidence negates these elements save the " 'defendant's denial that he committed the offense,' " the jury should not be instructed on the lesser-included offense. *Id.* (citation omitted).

However, "where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction," *Beck v. Alabama*, 447 U.S. 625, 634, 65 L. Ed. 2d 392, 401 (1980) (emphasis in original), rather than acquitting him altogether. *Conaway*, 339 N.C. at

514, 453 S.E.2d at 841 (citing *Beck.*) Accordingly, due process requires an instruction on a third option, *i.e.*, the lesser included offense, if " 'the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.' " *See Beck*, 447 U.S. at 635, 65 L. Ed. 2d at 401 (citation omitted). *See also Conaway*, 339 N.C. at 514, 453 S.E.2d at 841.

In the case *sub judice*, to successfully prosecute defendant for involuntary manslaughter predicated upon DWI boating, the state was required to prove: (1) a willful violation of G.S. § 75A-10, and (2) a causal link between that violation and the deaths of Stevens, Charlton and Hamilton. *See McGill*, 314 N.C. at 637, 336 S.E.2d at 93. This causal element "between the breach and the death" has been characterized as an indispensable component, "driving under the influence [in itself not being] sufficient to sustain a conviction of manslaughter." *Id.* at 636, 336 S.E.2d at 92. *See also State v. Jones*, 290 N.C. 292, 298, 225 S.E.2d 549, 552 (1976) (proximate cause must be established to warrant conviction of homicide); and *State v. Lowery*, 223 N.C. 598, 603, 27 S.E.2d 638, 641 (1943) (although evidence supported defendant's intoxication, none linked this misconduct to fatal accident which "is essential to a prosecution for involuntary manslaughter").

A fair review of the record herein results in the conclusion that while the State's evidence was ample to support a jury determination that defendant violated G.S. § 75A-10, the causal connection between violation of the statute and the deaths of Stevens, Charlton and Hamilton "remain[ed] in [substantial] doubt." *See Conaway*, 339 N.C. at 514, 453 S.E.2d at 841. We note in particular inquiries by the jury to the trial court during deliberations regarding "the law . . . as it relates to [DWI boating]," the definition of culpable negligence, and the definition of proximate cause. Hence, under *Beck* and *Conaway*, because "defendant [was] plainly guilty of *some* offense," the jury likely resolved its doubts in favor of conviction of involuntary manslaughter, *see Beck*, 447 U.S. at 634, 65 L. Ed. 2d at 401, rather than acquitting defendant altogether. *See Conaway*, 339 N.C. at 514, 453 S.E.2d at 841. Due process therefore required the trial court to instruct on the lesser included offense of DWI boating as an alternative to the choices of either guilty or not guilty of involuntary manslaughter, in that " 'the evidence . . . permit[ted] [the] jury rationally to find him guilty of [DWI boating] and acquit him of [involuntary manslaughter].' " *Beck*, 447 U.S. at 635, 65 L. Ed. 2d at 401. *See also Conaway*, 339 N.C. at 514, 453 S.E.2d at 841, and *State v. Collins*, 334 N.C. 54,

63, 431 S.E.2d 188, 193 (1993) (failure to instruct jury on lesser included offense plain error where sufficient proof of causation element remained in doubt). This error thus prejudiced defendant, and we are constrained to award him a new trial. *See* N.C. Gen. Stat. §§ 15A-1442(4)(d) and 15A-1443(b).

Prior to concluding, we emphasize that our holding does not address application of the principle of double jeopardy with regards to the sequence and manner in which involuntary manslaughter and the lesser included offense of DWI boating are prosecuted. That issue is not before us. Suffice it to interject, however, that as DWI boating is a misdemeanor, G.S. §§ 75A-10 and 20-138.1(d), and thus usually tried in district court, N.C. Gen. Stat. § 7A-272(a), and involuntary manslaughter is a Class H felony, G.S. § 14-18, over which Superior Court has jurisdiction, N.C. Gen. Stat. § 7A-271(a), prosecutors anticipating prosecution of the felony would be prudent to exercise caution and restraint regarding prior trial of the misdemeanor in district court. *See State v. Revelle*, 301 N.C. 153, 162, 270 S.E.2d 476, 481 (1980), *overruled in part on other grounds, State v. White*, 322 N.C. 506, 517, 369 S.E.2d 813, 818 (1988) ("A person's right to be free from double jeopardy is violated not only when one is tried for and convicted of offenses which are in law and fact identical, but also when one is charged and convicted of two offenses, one of which is a lesser included offense of the other, where both offenses arose out of the same series of events."); *see also State v. McKenzie*, 292 N.C. 170, 175, 232 S.E.2d 424, 428 (1977) (court approves defendant's "substantive position" that Constitutional protection against double jeopardy precludes State from subsequently bringing involuntary manslaughter charge predicated upon driving under the influence against defendant previously tried in district court for driving under the influence but convicted only of lesser offense of driving with blood alcohol content of .10 percent), and *State v. Griffin*, 51 N.C. App. 564, 566, 277 S.E.2d 77, 77 (1981) (pursuant to constitutional protection against double jeopardy, defendant may not be charged with death by vehicle predicated upon failure to yield right-of-way where defendant previously plead guilty to latter charge).

As defendant's remaining assignments of error likely will not occur upon retrial, we decline to discuss them.

New Trial.

Judges LEWIS and WYNN concur.