STATE OF NORTH CAROLINA v. KEITH ERIC HUDSON

No. 356PA96

(Filed 11 April 1997)

**1. Appeal and Error § 157 (NCI4th)— lesser-included offense—failure to request instruction—no assignment of error—reviewed only in discretion of court**

There was merit to the State's argument that defendant waived his right to raise on appeal the issue of whether the separate charge of DWI boating should have been submitted to the jury as a lesser-included offense of manslaughter where defendant failed to ask the trial court for a lesser-included offense instruction and did not assign the issue as error. Earlier cases implying that a defendant is entitled to assign error to the failure to give instructions on lesser-included offenses when there was no specific prayer for such instructions or objection to instructions given are no longer authoritative. However, the Supreme Court exercised its discretion to review the Court of Appeals decision so that the law will be consistent and clear.

**Am Jur 2d, Appellate Review § 614.**

**2. Admiralty, Navigation, and Boating § 39 (NCI4th)— DWI boating—not a lesser-included offense of involuntary manslaughter**

DWI boating is not a lesser-included offense of involuntary manslaughter and defendant was not entitled to an instruction on DWI boating when the indictments against him charged only that he feloniously killed the victim. The offense of DWI boating on its face contains an essential element that is not an element of involuntary manslaughter in that it requires a finding of either impairment or a blood-alcohol concentration of .10 or higher. Although factual findings supporting this element could be used to support the culpable-negligence element of involuntary manslaughter, the finding of intoxication is not essential to a conviction of involuntary manslaughter. The jury here could have found culpable negligence on other grounds but did not; that merely creates a factual situation in which the elements of the DWI boating offense and the culpable-negligence element of involuntary manslaughter are in apparent identity but does not alter the definitional approach to the determination of lesser-included offenses followed in this jurisdiction.

**Am Jur 2d, Trial §§ 1427-1434.**

**What constitutes lesser offenses "necessarily included" in offense charged, under Rule 31(c) of Federal Rules of Criminal Procedure. 11 ALR Fed. 173.**

**Propriety of lesser-included-offense charge to jury in federal criminal case—general principles. 100 ALR Fed. 481.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 123 N.C. App. 336, 473 S.E.2d 415 (1996), setting aside judgments entered by Burroughs, J., at the 5 July 1994 Criminal Session of Superior Court, Mecklenburg County, upon defendant's conviction of three counts of involuntary manslaughter, and awarding defendant a new trial. Heard in the Supreme Court 18 March 1997.

*Michael F. Easley, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, for the State-appellant.*

*Theo X. Nixon for defendant-appellee.*

WHICHARD, Justice.

On 18 October 1993, defendant was indicted for three counts of involuntary manslaughter arising out of a collision between two boats, one of which was operated by defendant. A jury found him guilty of all three charges, specifically finding in each case that defendant was "[o]perating his motorboat while under the influence of an impairing substance" and "[o]perating his motorboat after having consumed sufficient alcohol that he ha[d], at any relevant time after the boating, an alcohol concentration of .10 or more." Defendant was sentenced to consecutive terms of three years' imprisonment for each offense. On appeal, the Court of Appeals held that "[d]ue process . . . required the trial court to instruct on the lesser included offense of DWI boating as an alternative to the choices of either guilty or not guilty of involuntary manslaughter" and ordered a new trial. *State v. Hudson*, 123 N.C. App. 336, 343-44, 473 S.E.2d 415, 420 (1996). We reverse and remand to the Court of Appeals for consideration of additional issues raised by defendant and not passed upon in the original appeal.

The State's evidence tended to show that on 6 June 1993, defendant, Amy Stevens, and Jason Charlton traveled from defendant's

home on Lake Wylie to the Bourbon Street Yacht Club in defendant's nineteen-foot bass boat. They arrived at the club at approximately 9:00 p.m. During the course of the evening, defendant was observed consuming alcoholic beverages. At approximately midnight, defendant, Stevens, Charlton, and Tracey Hamilton left the club in defendant's boat and headed south on the lake. Defendant was operating the boat.

That same evening, Blake "Rusty" Hill was traveling on Lake Wylie in his twenty-six-foot cabin cruiser. Hill was proceeding north at a speed of approximately eighteen to twenty-two miles per hour when he glanced toward the shore to look at a miniature lighthouse. As Hill directed his attention back to the water in front of him, his cabin cruiser collided with defendant's boat. The collision instantly killed Stevens, Charlton, and Hamilton.

Defendant testified that immediately before the accident he had engaged the boat's idle device, which allowed the boat to proceed at approximately one to two miles per hour. While the boat was idling, defendant retrieved a flotation device for Hamilton to sit on from a storage compartment near the front of the boat, then bent down under the console to reach for a shirt. He remembered nothing else except regaining consciousness in the hospital about one week later.

Sharon Pierce Porterfield, associate director of medical records at Carolinas Medical Center, testified that a blood-alcohol test conducted at the hospital approximately an hour and a half after the collision revealed defendant's blood-alcohol concentration to be 0.239.

Two accident-reconstruction experts testified on defendant's behalf. Each stated that, at the moment of impact, Hill's larger boat was traveling at approximately twenty miles per hour while defendant's boat was either idling in the water or moving at a speed of less than two miles per hour. Both experts also testified that the larger boat overran the smaller.

The Court of Appeals set aside defendant's three involuntary manslaughter convictions and ordered a new trial, holding that the separate charge of operating a motor boat while impaired (DWI boating), *see* N.C.G.S. § 75A-10 (1994), should have been submitted to the jury as a lesser-included offense.

Involuntary manslaughter is " 'the unintentional killing of a human being without malice, proximately caused by (1) an unlawful

act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission.' " *State v. McGill,* 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985) (quoting *State v. Redfern,* 291 N.C. 319, 321, 230 S.E.2d 152, 153 (1976), *overruled in part on other grounds by State v. Collins,* 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993)). The Court of Appeals recognized the "long-standing rule in this jurisdiction that a lesser included offense is one in which the greater offense contains all of the essential elements of the lesser offense," *State v. Weaver,* 306 N.C. 629, 637, 295 S.E.2d 375, 379 (1982), *overruled in part on other grounds by Collins,* 334 N.C. at 61, 431 S.E.2d at 193, and reasoned that DWI boating constitutes culpable negligence as a matter of law. It then held that because the elements of DWI boating must be proved to establish the element of culpable negligence, application of the *Weaver* definitional test results in the conclusion that "DWI boating is a lesser included offense of involuntary manslaughter predicated upon that crime." *Hudson,* 123 N.C. App. at 341, 473 S.E.2d at 419. The Court of Appeals concluded that the trial court therefore erred by failing to charge the jury separately on the offense of DWI boating. We granted the State's petition for discretionary review, and we now reverse.

[1] The State argues first that defendant waived his right to raise this issue before the Court of Appeals because he failed to ask the trial court to instruct the jury on DWI boating as a lesser-included offense of involuntary manslaughter and further failed to assign the issue as error on appeal. This argument has merit. In *Collins,* we held that earlier cases "imply[ing] that a defendant is entitled to assign error to the trial court's failure to give instructions on lesser-included offenses when there was no specific prayer for such instructions or objection to the instructions given . . . are disapproved and are no longer authoritative." *State v. Collins,* 334 N.C. 54, 61, 431 S.E.2d 188, 193. Nevertheless, we deny the State's request that we refuse to review the issue now. The Court of Appeals exercised its discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure to consider this issue; we likewise exercise our discretion pursuant to N.C.G.S. § 7A-31 to review the Court of Appeals' decision so that the law pertaining to this issue in this jurisdiction will be consistent and clear.

[2] The rule in this jurisdiction has long been as follows:

"When a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense

when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser, all of which could be proved by proof of the allegations in the indictment."

*State v. Banks*, 295 N.C. 399, 415-16, 245 S.E.2d 743, 754 (1978) (quoting *State v. Bell*, 284 N.C. 416, 419, 200 S.E.2d 601, 603 (1973), *overruled in part on other grounds by Collins*, 334 N.C. at 62, 431 S.E.2d at 193), *overruled in part on other grounds by Collins*, 334 N.C. at 62, 431 S.E.2d at 193. In *Weaver*, we rejected an argument that an offense which was not ordinarily a lesser-included offense could become a lesser-included offense under specific factual circumstances. We explained that our approach in determining whether an offense is a lesser-included offense is definitional, not transactional:

[A]ll of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a *definitional*, not a factual basis.

*Weaver*, 306 N.C. at 635, 295 S.E.2d at 379.

The elements of involuntary manslaughter are: (1) an unintentional killing; (2) proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence. *McGill*, 314 N.C. at 637, 336 S.E.2d at 92. The elements of DWI boating are: (1) operating a motorboat or motor vessel on the waters of this state; (2) either (a) while under the influence of an impairing substance, or (b) after having consumed sufficient alcohol that the operator has, at any relevant time after the boating, a blood-alcohol concentration of 0.10 or more. N.C.G.S. § 75A-10.[1] The offense of DWI boating, on its face, contains an essential element that is not an element of involuntary manslaughter: it requires a finding of either impairment or a blood-alcohol concentration of 0.10 or higher. Although factual findings supporting this element of DWI boating could be used to support the culpable-negligence element of involuntary manslaughter, the finding of intoxication is not essential to a conviction of involuntary manslaughter because the culpable-negligence element can be based on other grounds. Indeed, in this case, the jury could have found culpable negligence on any of three other grounds that were described on the verdict sheet: failing to

---

1. The statute was amended in 1995 to provide that a blood-alcohol concentration of 0.08 or more will suffice to prove the second element of the offense.

maintain a proper lookout, failing to maintain the motorboat under proper control, or failing to display proper lighting on the boat. The jury did not find any of these grounds and based its verdict upon its findings of impairment and a blood-alcohol concentration greater than 0.10. That merely creates a factual situation in which the elements of the DWI boating offense and the culpable-negligence element of involuntary manslaughter are in apparent identity; it does not, however, alter the definitional approach to the determination of lesser-included offenses followed in this jurisdiction.

We therefore hold that DWI boating is not a lesser-included offense of involuntary manslaughter. Accordingly, defendant was not entitled to an instruction on DWI boating when the indictments against him charged only that he feloniously killed the victims.

Defendant raised additional issues in his brief to the Court of Appeals which that court deemed to be unlikely to recur upon retrial and therefore did not reach. For the reasons stated, the decision of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals for consideration of those issues.

REVERSED AND REMANDED.