TYSON, Judge.
P.P. ("juvenile") appeals from orders entered that adjudicated him to be delinquent and finding him responsible for misdemeanor breaking and entering and simple assault. We dismiss this appeal.
I. Background
Evidence presented by the State tended to show that on 14 May 2003, fifteen-year-old D.R. was at home alone, sitting on the couch, and speaking to her boyfriend on the telephone. At 7:45 p.m. that evening, while still on the telephone, she heard voices coming from her front porch calling her younger brother's name. She interrupted her conversation to look out of the living room window and observed juvenile's two younger brothers standing on the porch. She testified that she walked to the door, opened it, and found juvenile leaning against the front door with his back towardher. Juvenile turned and, either by leaning or by pushing, forced the doorknob from D.R.'s grip and caused the door to abruptly swing away from her and damage the wall.
Juvenile grabbed D.R.'s clothes, repeatedly said, "let me get me some," and ignored her requests for him to leave. D.R.'s boyfriend, who remained on the telephone, told D.R. to hold the telephone against juvenile's ear. Juvenile asked who was on the telephone, to which D.R's boyfriend replied, "her boyfriend, [and] you better get out of there." Juvenile pushed the telephone away and left D.R.'s house.
D.R.'s boyfriend testified and corroborated D.R.'s testimony. He heard the door hit the wall, D.R.'s repeated requests for juvenile to leave the house, and D.R.'s statements telling juvenile to stop touching her. He also testified that he spoke to juvenile on the telephone and warned him that he was going to come "up there in a minute." When the boyfriend arrived at D.R.'s home, he found her very frightened, crying, and reluctant to open the door for him.
Juvenile and his younger brother testified a different version of the incident. Juvenile testified he had accompanied his brothers across the street so that they could ask D.R.'s younger brother to "come out and play." He rang the doorbell and waited for nearly two minutes before D.R. opened the door. Juvenile was leaning against the door when it opened, causing him to stumble backwards into the house. D.R. and juvenile greeted each other with a hug, while juvenile asked where her brother was and when hewould be home. After giving an answer, D.R. asked juvenile to leave, a request he asserts he was trying to honor. D.R. admits he did not leave immediately because he waited for his youngest brother to stop petting D.R.'s dog and move from the doorway. After collecting his brother from the doorway, juvenile hugged D.R. goodbye, left the house, and went back to his house across the street.
The trial court found juvenile responsible for misdemeanor breaking and entering and simple assault. The trial court ordered him to twelve months of supervised probation, twenty-four hours of community service, and other certain terms and conditions of his probation. Juvenile appeals.
II. Issue
The sole issue on appeal is whether the trial court erred when it found the State's evidence sufficient to support an adjudication of breaking and entering and an adjudication of simple assault.
III. Plain Error Rule
Juvenile argues the trial court committed plain error by finding the State's evidence sufficient to support an adjudication of both breaking and entering and of simple assault. We disagree.
[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "`resulted in a miscarriage of justice or in the denial to appellant of a fair trial'" or where the error is such as to"seriously affect the fairness, integrity or public reputation of judicial proceedings . . . ."
State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (alteration in original) (quoting United States v. McCaskill, 676 F.2d 995, 1002, cert. denied, 676 F.2d 995 (4th Cir. 1982) (footnotes omitted) (emphasis in original)). At the close of the State's evidence, juvenile failed to move to dismiss, failed to object to the sufficiency of the evidence, and failed to bring to the trial court's attention any objection he had regarding the sufficiency of the evidence.
"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1) (2004). As juvenile did not preserve any question for appellate review, he argues application of plain error pursuant to Rule 10(c)(4) of the North Carolina Rules of Appellate Procedure, which provides:
In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error.
N.C.R. App. P. 10(c)(4) (2004). Our Supreme Court has held that review of such unpreserved questions or issues for plain error is limited to those issues involving "either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility ofevidence." State v. Gregory, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (citing State v. Sierra, 335 N.C. 753, 440 S.E.2d 791 (1994); State v. Collins, 334 N.C. 54, 431 S.E.2d 188 (1993); Odom, 307 N.C. 655, 300 S.E.2d 375)), cert. denied, 525 U.S. 952, 142 L. Ed. 2d 315 (1998).
The specific plain error alleged by juvenile involves neither issues of jury instructions nor admissibility of evidence offered by the State. Rather, he alleges plain error of the trial court in finding sufficient evidence to support an adjudication. Juvenile failed to move to dismiss the charges at the close of the State's evidence and, after offering evidence himself, failed to object at the close of all evidence. Juvenile waived his right on appeal to challenge the sufficiency of the evidence. N.C.R. App. P. 10(b)(3); In re Lineberry, 154 N.C. App. 246, 249, 572 S.E.2d 229, 232 (2002), cert. denied, 356 N.C. 672, 577 S.E.2d 624 (2004). This assignment of error is overruled.
IV. Conclusion
Juvenile attempts to assign error after he failed to preserve any issue on appeal regarding a motion to dismiss. He again disregards procedure by arguing application of plain error to the issue of sufficiency of the evidence in direct contradiction to repeated precedent. This appeal is dismissed.
Dismissed.
Judges HUDSON and BRYANT concur.
Report per Rule 30(e).